LITTON ET AL., APPELLANTS, *v.*
JOSLIN, APPELLEE.

(No. CA84-08-006—Decided
April 29, 1985.)

*William F. Schenck,* for appellants.
*Thomas M. Tepe,* for appellee.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Brown County.

The instant case presents a purely procedural question based on litigation stemming from an automobile accident which occurred in Fayetteville, Brown County, Ohio on November 25, 1978. On November 24, 1980, appellants, Chalmar J. Litton, Thelma Litton and Evelyn Kay Litton, filed suit in both the Brown County Court of Common Pleas and the Clermont County Court of Common Pleas alleging that defendant-appellee, Michael R. Joslin, a resident of Clermont County, caused the accident by operating his vehicle in a negligent manner resulting in certain specified damage. The Clermont County suit was subsequently dismissed without prejudice for want of prosecution on March 8, 1982; the Brown County action was set for trial on February 1, 1983.

A few days prior to the assigned trial date, appellants' counsel asked the court for a continuance. He advised the court that one of the plaintiffs, Chalmar J. Litton, would be unable to appear at trial on the date scheduled for medical reasons. The court at this time indicated to counsel that the case had been on its docket for more than two years (in part due to changes in judicial personnel beyond appellants' control) and that it wanted the case cleared from the docket. The court informed appellants' counsel that it would accomplish this by dismissing the cause without prejudice for want of prosecution on the scheduled trial date, after which counsel could refile the matter per Civ. R. 41. The above procedure was followed on the day of trial, and on March 18, 1983, appellants filed another suit in the Brown County Court of Common Pleas asserting causes of action identical to those set forth in the suit dismissed without prejudice on February 1 of the same year.

On February 1, 1984, appellee filed a motion to dismiss which in essence asserted that since the February 1, 1983 dismissal was the second dismissal of the same claim without prejudice, such dismissal operated as a final adjudication on the merits per Civ. R. 41(A)(1). In an entry filed July 11, 1984, the court below found appellee's motion to be well-taken and dismissed the case, an action which has spawned the instant appeal. Appellants, in a single assignment of error, contend that the dismissal of a lawsuit under Civ. R. 41(B)(3), where the court specifies that the dismissal is to be without prejudice, is not an ad-

judication on the merits even if the case has been previously dismissed without prejudice and the lawsuit may accordingly be timely refiled and tried on the merits. We agree.

The language of Civ. R. 41(A)(1), upon which appellee relies, reads as follows:

"(A) Voluntary dismissal: effect thereof.

"(1) By plaintiff; by stipulation. Subject to the provisions of Rule 23(E) and Rule 66, an action may be dismissed by the plaintiff without order of court (a) by filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by the defendant or (b) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court, an action based on or including the same claim."

The language quoted above clearly has no application to a dismissal on the court's own motion for want of prosecution, as occurred below, because it pertains only to *voluntary* dismissals on motion of the plaintiff or via a stipulation by all parties.

Involuntary dismissal for failure to prosecute, which is the fundament of the case before us, is addressed in Civ. R. 41(B)(1), which reads as follows:

"Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim."

Civ. R. 41(B)(3) states that any dismissal under subdivision (B), with certain exceptions which are not applicable to the case at bar, "* * * operates as an adjudication upon the merits *unless the court, in its order for dismissal, otherwise specifies.*" (Emphasis added.)

As it is clear from the record that the court below specifically stated in its February 1, 1983 dismissal entry that such dismissal was to be without prejudice, it was error to dismiss the suit after it was refiled by appellants in a timely manner. Accordingly, appellants' assignment of error is well-taken.

The assignment of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, reversed and this cause is remanded for further proceedings according to law and not inconsistent with this decision.

*Judgment reversed*
*and cause remanded.*

HENDRICKSON, P.J., KOEHLER and JONES, JJ., concur.