HALL, Appellant,

v.

CLEVELAND STATE UNIVERSITY et al., Appellees.

[Cite as *Hall v. Cleveland State Univ.* (1998), 129 Ohio App.3d 767.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 74136.

Decided Sept. 14, 1998.

*Paul Mancino, Jr.,* for appellant.

*Alan L. Melamed,* for appellee Cleveland State University.

*Betty D. Montgomery,* Attorney General, and *Robert J. Marek,* Assistant Attorney General, for appellee Administrator of Workers' Compensation.

*Per Curiam.*

Plaintiff-appellant Jeffrey Hall appeals from the trial court order that dismissed his claim for workers' compensation against defendants-appellees Cleveland State University, the Administrator of the Ohio Bureau of Workers' Compensation, and the Industrial Commission of Ohio pursuant to Civ.R. 41(B)(1) for

want of prosecution. Appellant contends that the trial court's order was in error since the record fails to reflect inaction on appellant's part.

Based upon a review of the record, however, this court concludes that it lacks jurisdiction to consider appellant's contention.

On December 27, 1995, appellant filed this action pursuant to R.C. 4123.512. Appellant sought a review of appellee Industrial Commission's order disallowing appellant's claim for workers' compensation.[1]

On April 29, 1996, appellees filed answers to appellant's complaint, and the trial court established a case-management schedule. In its journal entry, the trial court ordered discovery to be completed by September 1, 1996, and set a trial date of December 16, 1996.

On December 18, 1996, the trial court issued a journal entry noting that although the case had been "called for trial," the parties were "not present." Trial was "reset to 2/4/97 at 9 a.m."

The following day, appellant filed a request for admissions in the trial court; he indicated that the request had been mailed to appellees on December 18, 1996. That same day, appellee Cleveland State notified the trial court that appellant's deposition was scheduled for January 20, 1997, and, additionally, filed a motion requesting extension of the previously ordered discovery deadline.

Although the trial court issued a journal entry granting Cleveland State's motion, the entry further reiterated that the trial remained scheduled for February 4, 1997.

On December 31, 1996, appellant filed both a request for leave to file a motion for summary judgment and the motion itself, which was supported by appellant's affidavit.

On January 21, 1997, the trial court overruled appellant's motion for leave to file his motion for summary judgment, stating in its journal entry, "Trial remains scheduled for 2/4/97." However, thereafter, the trial court's docket fails to reflect that trial actually went forward. Instead, the next order the trial court issued was one overruling appellant's February 28, 1997 motion for further discovery.

On January 8, 1998, the trial court issued a journal entry stating as follows:

"A review of the docket shows no activity on this case in more than six (6) months.

---

1. Appellant alleged that he had suffered an injury to his right shoulder blade as a result of a December 5, 1990 motor vehicle accident that had occurred while appellant was working as a security officer for appellee Cleveland State University. Appellant's earlier claim for a knee injury suffered in the same accident had previously been allowed by the commission.

"Pursuant to Superintendence Rule 40, the captioned case will be dismissed for want of prosecution on 2/9/98 unless good cause is shown in writing to the contrary."

Although on February 6, 1998, appellant filed a response to the foregoing order, on February 11, 1998, the trial court issued the following journal entry:

"Pursuant to this Court's Order of 1/3/98 (Civil Journal Volume 2169—Page 407) and no good cause having been shown, the captioned case is hereby dismissed without prejudice for want of prosecution. FINAL."

It is from the foregoing order that appellant filed a notice of appeal in this court. In his assignment of error, appellant essentially argues that the trial court abused its discretion in dismissing his action pursuant to Civ.R. 41(B)(1).[2]

This court, however, may not address appellant's assignment of error. The trial court's order of February 11, 1998, specifically states that appellant's action was dismissed without prejudice.

Civ.R. 41(B)(3) states as follows:

"(3) Adjudication on the merits; exception. *A dismissal under this subdivision* and any dismissal not provided for in this rule, except as provided in subsection (4) of this subdivision, *operates as an adjudication upon the merits unless the court,* in its order for dismissal, *otherwise specifies."* (Emphasis added.)

In a case in which Civ.R. 54(B) does not apply, an adjudication that is not upon the merits, such as the one issued by the trial court in this case, is neither a judgment nor a final order for purposes of R.C. 2505.02. Civ.R. 54(A); R.C. 2505.03(A); *Litton v. Joslin* (1985), 22 Ohio App.3d 108, 22 OBR 296, 489 N.E.2d 304; see, also, *Thomas v. Freeman* (1997), 79 Ohio St.3d 221, 680 N.E.2d 997; cf. *McCann v. Lakewood* (1994), 95 Ohio App.3d 226, 642 N.E.2d 48; *Hoffman v. Knaus* (App.1952), 72 Ohio Law Abs. 389, 135 N.E.2d 700. Appellant's action was dismissed without prejudice; therefore, he may refile it within the time period set forth in R.C. 2305.19, the saving statute. *Lewis v. Connor* (1985), 21 Ohio St.3d 1, 21 OBR 266, 487 N.E.2d 285, cited with approval, *Robinson v. B.O.C. Group, Gen. Motors Corp.* (1998), 81 Ohio St.3d 361, 691 N.E.2d 667.

---

2. Civ.R. 41(B)(1) states:
   "(B) Involuntary dismissal; effect thereof.
   "(1) Failure to prosecute. Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim."

Since this court lacks jurisdiction to consider appeals from nonfinal orders, appellant's appeal is dismissed.

*Appeal dismissed.*

PATRICIA A. BLACKMON, A.J., ROCCO and MICHAEL J. CORRIGAN, JJ., concur.