DECISION *Page 3 
{¶ 1} Plaintiffs-appellants, Debra and Craig Maxwell, appeal from the trial court's judgment dismissing their claims against defendants-appellees, Forest Fair Mall, Ltd., a.k.a. FFM Limited Partnership, Michael G. Lawley, D.O., and Reconstructive Orthopedics, Inc., for failure to prosecute. We reverse the trial court's judgment and remand the case for further proceedings.
 {¶ 2} The Maxwells filed a complaint against Forest Fair Mall seeking damages for injuries Debra had sustained from a fall in the mall in November 1995. They voluntarily dismissed that complaint under Civ.R. 41(A)(1) and refiled it on February 17, 1999.
 {¶ 3} On October 20, 1990, they filed a complaint under a different case number against Lawley and Reconstructive Orthopedics (collectively, "Lawley) for allegedly negligent care provided to Debra related to the injuries she had sustained in her 1995 fall. The Maxwells voluntarily dismissed that complaint and refiled it on August 14, 2001.
 {¶ 4} The trial court subsequently consolidated the two cases. A trial was scheduled for February 17, 2004, but the trial court vacated the trial date upon a motion by all the parties. On August 8, 2005, the Maxwells filed a notice to take Lawley''s deposition. Subsequently, no activity occurred in the case. On April 14, 2006, the court, without any notice, journalized an entry dismissing the case without prejudice for want of prosecution under Civ.R. 41(A)(2). This appeal followed.
 {¶ 5} Before we address the Maxwells' assignment of error, we must determine a jurisdictional issue that Lawley has raised. He argues that the order *Page 4 
from which the Maxwells have appealed, which dismissed their complaint without prejudice, was not a final, appealable order under R.C. 2505.02. If that order was not a final, appealable order, this court would have no jurisdiction to consider the appeal.[1]
 {¶ 6} The trial court stated that it was dismissing the case without prejudice for failure to prosecute under Civ.R. 41(A)(2), which was the wrong section of the rule. Civ.R. 41(A)(2) provides for a voluntary dismissal of an action based upon a plaintiffs motion and an order of the court. Civ.R. 41(B)(1) provides for an involuntary dismissal of an action for failure to prosecute. Because the trial court involuntarily dismissed the Maxwell's complaint for failure to prosecute, Civ.R. 41(B)(1), not Civ.R. 41(A)(2), applied.[2]
 {¶ 7} Courts have held that an involuntary dismissal under Civ.R. 41(B)(1), without prejudice, is not a final order.[3] But those courts reasoned that a dismissal without prejudice places the parties in the same position they were in before they filed the action, which means that they are free to refile or amend their claims at a later date.[4] Consequently, courts have also held that an involuntary dismissal without prejudice is a final, appealable order where the claims cannot be timely refiled.[5] *Page 5 
 {¶ 8} In this case, the Maxwells had already voluntarily dismissed their complaints once in each case and had used the savings statute, R.C. 2305.19, to refile them. But the savings statute would not apply if the Maxwells attempted to file their case yet again, even though the consolidated action was involuntarily dismissed without prejudice.[6]
Their claims would, therefore, be barred by the applicable statutes of limitation.[7] Consequently, the dismissal without prejudice did not leave them in the same position as they were in before they filed the action, because they cannot refile. The dismissal was, therefore, a final, appealable order, and this court has jurisdiction to consider the appeal.
 {¶ 9} We turn now to the merits of the Maxwells' appeal. In their sole assignment of error, they contend that the trial court erred in dismissing the action for want of prosecution under Civ.R. 41(A)(2). They argue that the court applied the wrong section of the rule and that, under the correct section, they were entitled to notice and a hearing before the dismissal. This assignment of error is well taken.
 {¶ 10} As we have previously noted, the trial court incorrectly stated that it was dismissing the action under Civ.R. 41(A)(2). The correct section was Civ.R. 41(B)(1), which states that "[w]here the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim."
 {¶ 11} This rule expressly requires that the court provide notice to the plaintiff before it dismisses an action on its own motion, even where the dismissal is *Page 6 
without prejudice.[8] Notice is an "absolute prerequisite" for a dismissal for failure to prosecute.[9] It gives the defaulting party an opportunity to explain or correct the default or to explain why the case should not be dismissed.[10]
 {¶ 12} Consequently, the trial court erred in dismissing the action for want of prosecution without providing notice to the Maxwells. We sustain their assignment of error, reverse the trial court's judgment, and remand the case for further proceedings consistent with this decision.
Judgment reversed and cause remanded.
CUNNINGHAM, P.J., and DINKELACKER, J., concur.
RALPH WINKLER, retired, from the First Appellate District, sitting by assignment.
[1] State ex rel. A D Partnership v. Keefe, 77 Ohio St.3d 50, 52,1996-Ohio-95, 671 N.E.2d 13; Queen City Lodge No. 69 v. State Emp. Rel.Bd., 1st Dist. No. C-060530, 2007-Ohio-170, ¶ 12.
[2] See Litton v. Joslin (1985), 22 Ohio App.3d 108, 109,489 N.E.2d 304.
[3] See McIntosh v. Slick (July 8, 2002), 5th Dist. Nos. 2001CA00268 and 2001CA00273, 2002-Ohio-3599, ¶ 9-10; Sayre v. Valley Ford TruckSales, Inc. (Aug. 17, 2000), 8th Dist. No. 76515; Hattie v. Garn (Dec. 29, 1999), 9th Dist. No. 98CA007208; Hattie Central Mut. Ins. Co. v.Bradford-White Co. (1987), 35 Ohio App.3d 26, 28, 519 N.E.2d 422.
[4] See Schmieg v. Ohio Dept. of Human Serv. (Dec. 19, 2000), 10th Dist. No. 00AP-561; Stafford v. Hetman (June 4, 1998), 8th Dist. No. 72825; Central Mut. Ins., supra, at 28.
[5] See Genesis Outdoor Advertising, Inc. v. Troy Twp. Bd. of ZoningAppeals, 11th Dist. No. 2001-G-2399, 2003-Ohio-3692, ¶ 10;Schmieg, supra; McCann v. Lakewood (1994), 95 Ohio App.3d 226, 231,-232,642 N.E.2d 48.
[6] See Thomas v. Freeman, 79 Ohio St.3d 221, 227, 1997-Ohio-395,680 N.E.2d 997; Duncan v. Stephens, 8th Dist. No. 83238, 2004-Ohio-2402, ¶ 20-21; Brubaker v. Ross, 10th Dist. 01AP-1431, 2002-Ohio-4396, ¶ 15;McGowan v. Family Medicine, Inc., 5th Dist. No. 2001CA00385, 2002-Ohio-4071, ¶ 16-18; Iglodi v. Montz (Aug. 31, 1995), 8th Dist. No. 68621.
[7] See R.C. 2305.10(A) and 2305.113.
[8] Kramer v. Raterman, 161 Ohio App.3d 363, 2005-Ohio-2742,830 N.E.2d 416, ¶ 372.
[9] Logsdon v. Nichols, 72 Ohio St.3d 124, 128, 1995-Ohio-225,647 N.E.2d 1361; Dlouhy v. Frymier (1993), 92 Ohio App.3d 156, 161,634 N.E.2d 649.
[10] Logsdon, supra, at 128. *Page 1