[Cite as *In re Z.S.*, 2011-Ohio-3269.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96500**

## IN RE: Z.S.
## A Minor Child

## JUDGMENT:
## DISMISSED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. PR 10700292

**BEFORE:** Rocco, J., Blackmon, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** June 30, 2011

-i-

**ATTORNEY FOR APPELLANT**

Jeffrey F. Slavin
The Standard Building
Suite 1810
1370 Ontario Street
Cleveland, Ohio 44113

**FOR APPELLEES**

**For Nyesha Bonner**

Nyesha Bonner, Pro Se
793 E. 88th Street, Apt. B
Cleveland, Ohio 44108

**For C.S.E.A.**

William D. Mason
Cuyahoga County Prosecutor

BY: Aleksandra B. Stankovic
Assistant Prosecuting Attorney
Juvenile Division
1910 Carnegie Avenue, 2nd Floor
Cleveland, Ohio 44115

KENNETH A. ROCCO, J.:

{¶ 1}  Plaintiff-appellant Nathaniel Simpson appeals from the order of the Cuyahoga County Court of Common Pleas, Juvenile Division; the juvenile court adopted a magistrate's decision to dismiss Simpson's amended complaint "without prejudice."

**{¶ 2}** In filing his amended complaint, Simpson indicated he anticipated that defendant-appellee the Cuyahoga County Department of Children and Family Services ("the agency") would issue an administrative child support order against him, so he sought from the court pursuant to R.C. 3119.961 an order that would vacate his previous acknowledgment of his paternity of "Z."[1]

**{¶ 3}** Simpson argues in his sole assignment of error that the juvenile court abused its discretion in dismissing his action. This court, however, cannot address his argument and, as did the juvenile court, must dismiss this case, because the order from which Simpson appeals is not a final order. A brief review of the record illustrates this conclusion.

**{¶ 4}** Simpson filed his initial complaint in this case in the juvenile court on January 13, 2010. Therein, he asserted that the child, Z, was born on September 9, 2004. Simpson stated that he believed he was Z's father, so he "signed the * * * affidavit acknowledging paternity."[2]

---

[1]It is this court's policy to protect the privacy of minors; therefore, the child in this opinion is referred to by his initial.

[2]Pursuant to R.C. 3111.25, an acknowledgment of paternity becomes final and enforceable without ratification of the court when the acknowledgment has been entered into the birth registry and the 60–day time period for rescission under R.C. 3119.27 has passed. *In re Guardianship of Elliott*, Putnam App. No. 12-10-02, 2010-Ohio-5405.

{¶ 5} Approximately seven months after Z's birth, results from a genetic test indicated Simpson could not be Z's biological father. Simpson admitted he took no action at that time. Thus, nearly five years after becoming aware that he was not Z's biological father, Simpson filed his initial complaint in the juvenile court seeking to vacate his paternity acknowledgment. Simpson indicated in his supporting brief that he had become aware that the agency was intending to collect from him funds paid to Z's mother for Z's welfare. Simpson filed his complaint pursuant to R.C. 3119.961.

{¶ 6} The following day, the magistrate assigned to the case issued an initial decision; the magistrate determined Simpson's complaint should be dismissed without prejudice for Simpson's failure to comply with the time requirement set forth in R.C. 3119.962(A)(1)(a). That section indicates the genetic test must be administered "no more than six months prior to the filing of the motion" for relief from paternity.

{¶ 7} On February 2, 2010, before the juvenile court could take action on the magistrate's initial decision, Simpson filed an amended complaint. He invoked the same statute and presented the same reasons, but included motions for an order from the court to compel a new genetic test. Since Simpson filed an amended complaint, he did not file objections to the

magistrate's decision.

{¶ 8} On March 4, 2010, the juvenile court entered judgment on the magistrate's initial decision, adopting it. Four days later, on March 8, 2010, the magistrate considered Simpson's amended complaint and issued a second decision.

{¶ 9} In his second decision, the magistrate noted the juvenile court's judgment, noted that Simpson failed to file any objections to the initial decision, and determined that Simpson's amended complaint and motions did not "correct the defects in the original Complaint/Motion pursuant to the controlling statutes R.C. 3119.961 through 3119.967." The magistrate decided Simpson's case should be dismissed because he failed to "properly invoke the jurisdiction of this Court."

{¶ 10} Simpson filed a timely objection to the magistrate's second decision. He argued that the juvenile court should assume jurisdiction over the matter.

{¶ 11} On April 28, 2010, partly in response to Simpson's objection to the magistrate's second decision, the juvenile court vacated its March 4, 2010 order of dismissal of Simpson's case. The matter eventually proceeded to an oral hearing before the magistrate in December 2010. The agency sent a representative, although it had never responded to any of Simpson's

pleadings or motions. The mother did not appear.

{¶ 12} At the conclusion of the hearing, the magistrate decided Simpson's amended complaint "fail[ed] to state a sufficient claim upon which this Court may grant relief in that the genetic test results * * * do not comply with R.C. 3119.962(A)(1)(a)," since those results were issued on April 11, 2005. The magistrate also decided that the juvenile court lacked authority to order the parties to submit to genetic testing under the circumstances of this case, based upon this court's decision in *State ex rel. Rojas v. Guilfu*, Cuyahoga App. No. 84145, 2004-Ohio 6707.

{¶ 13} Simpson filed an "objection" to the magistrate's decision. Simpson argued the magistrate had misapplied the analysis set forth in *Rojas* to the facts of this case, thus unfairly preventing him from obtaining relief. In its first written "appearance" in the action, the agency filed a brief in response; the agency argued the magistrate had properly applied the law to the facts.

{¶ 14} On February 14, 2011, the juvenile court issued a judgment entry "pursuant to Juv.R. 40(D)(4)(e) and Civ.R. 53(D)(4)(e)." Without specifically mentioning Simpson's objection, the court adopted the magistrate's decision with respect to the application of both R.C. 3119.962(A)(1)(a) and *Rojas*. Thus, Simpson's amended complaint was "dismissed without prejudice and all

other Motions denied."

{¶ 15} Simpson filed this appeal from that order. He presents one assignment of error arguing the juvenile court abused its discretion in issuing it; however, this court lacks jurisdiction to consider this appeal.

{¶ 16} "It is a basic principle of our system of appellate procedure that only judgments and final orders are subject to review." *Humphrys v. Putnam*, (1961), 172 Ohio St. 456, 457, 178 N.E.2d 506, R.C. 2505.02.

{¶ 17} The agency contends in its appellate brief that, because the juvenile court "failed to explicitly rule on all" of Simpson's objections, its judgment entry is not a final order. The agency cites an opinion from the Ninth District, viz., *In re: Strickler*, Lorain App. No. 09CA009535, 2009-Ohio-4799.

{¶ 18} While it is true that a review of cases from the Ninth District demonstrates that court demands specificity with respect to a trial court's rulings on each objection to a magistrate's decision, this court is not required to follow that district's lead. See Rep.R. 4. Moreover, in light of the fact that Simpson raised only one objection, together with the language used by the juvenile court in its order, this court is not persuaded the juvenile court's order is not final on the ground the agency claims. See, e.g., *H.L.S. Bonding Co. v. Fox,* Franklin App. No. 03AP-150, 2004-Ohio-547, ¶8; cf., *In re: L.S.,*

Cuyahoga App. No. 91598, 2009-Ohio-617, ¶5-6.

**{¶ 19}** The more obvious issue of finality concerns the fact that the juvenile court's dismissal of Simpson's action was "without prejudice." Civ.R. 41(B)(3) states as follows:

**{¶ 20}** "(3) **Adjudication on the merits; exception**. A dismissal under this subdivision and any dismissal not provided for in this rule, except as provided in subsection (4) of this subdivision, operates as an adjudication upon the merits *unless the court, in its order for dismissal, otherwise specifies.*" (Emphasis added.)

**{¶ 21}** As this court observed in *Hall v. Cleveland State Univ.* (1998), 129 Ohio App.3d 767, 719 N.E.2d 54:

**{¶ 22}** "In a case in which Civ.R. 54(B) does not apply, an adjudication that is not upon the merits, such as the one issued by the trial court in this case, is neither a judgment nor a final order for purposes of R.C. 2505.02. Civ.R. 54(A); R.C. 2505.03(A); *Litton v. Joslin* (1985), 22 Ohio App.3d 108, 22 OBR 296, 489 N.E.2d 304; see, also, *Thomas v. Freeman* (1997), 79 Ohio St.3d 221, 680 N.E.2d 997; cf. *McCann v. Lakewood* (1994), 95 Ohio App.3d 226, 642 N.E.2d 48; *Hoffman v. Knaus* (App.1952), 72 Ohio Law Abs. 389, 135 N.E.2d 700. Appellant's action was dismissed without prejudice; therefore, he may refile it * * * ."

**{¶ 23}** Similarly, in this case, Simpson is not precluded from refiling his complaint. "R.C. 3119.96 et seq. provides a right to seek relief from a judgment of paternity without a specific time limit." *State ex rel. E.T. v. H.S.*, Cuyahoga App. No. 82820, 2004-Ohio-2343, ¶8; *In re L.S.* Simpson, however, must first seek to have the mother and Z "voluntarily submit to testing" before attempting to invoke the juvenile court's jurisdiction. *Jones v. Jones*, Champaign App. No. 2008 CA 34, 2010-Ohio-744; *Rojas*.

**{¶ 24}** Since the juvenile court's order was not final, this court lacks jurisdiction and must dismiss Simpson's appeal.

Appeal dismissed.

It is ordered that appellant pay the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, JUDGE
PATRICIA ANN BLACKMON, P.J., and
EILEEN A. GALAGHER, J., CONCUR