[Cite as *In re H.M.*, 2011-Ohio-3697.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 96470

---

## IN RE: H.M.

## A Minor Child

## [APPEAL BY HENRY DAVIS]

---

### JUDGMENT:
### DISMISSED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. PR 98771326

**BEFORE:**  Boyle, J., Kilbane, A.J., and Rocco, J.

**RELEASED AND JOURNALIZED:**  July 28, 2011

**FOR APPELLANT**

Henry Davis, pro se
15815 Arcade Avenue
Cleveland, Ohio   44110

**FOR APPELLEE**

Tamika Maxwell, pro se
986 Nathaniel Road
Cleveland, Ohio   44110


**ATTORNEY FOR APPELLEE, STATE OF OHIO**

William D. Mason
Cuyahoga County Prosecutor
BY:   Joseph C. Young
Assistant Prosecuting Attorney
Cuyahoga Support Enforcement Agency
1910 Carnegie Avenue, 2nd Floor
Cleveland, Ohio   44115


MARY J. BOYLE, J.:

{¶ 1}  Plaintiff-appellant, Henry Davis, appeals from the judgment of the Cuyahoga County Common Pleas Court, Juvenile Division, adopting the magistrate's decision and dismissing "without prejudice" his objections to a Cuyahoga County Child Support Enforcement Agency order issued on April 21, 2010.  The order from which Davis is appealing, however, is not a final order; therefore, this court lacks jurisdiction.  For the reasons discussed below, we dismiss the appeal.

## Procedural History and Facts

{¶ 2} Due to the apparent procedural irregularities in the proceedings below, we will briefly discuss the procedural history in order to alleviate further confusion in this case.

{¶ 3} In May 1998, the Agency commenced the underlying paternity action, along with defendant-appellee, Tamika Maxwell, against Davis, alleging that he was the father of H.M. According to the record, the matter ultimately came for a hearing on October 18, 1999 before a magistrate, who determined that the parties had been served, but that Davis failed to appear. After hearing testimony from the mother under oath, the magistrate determined that Davis was the father of H.M., born September 9, 1990, and found that a parent-child relationship had been established between Davis and H.M. The magistrate further ordered Davis to pay weekly child support, plus $3,434.85 in maternity expenses and $15,933 for "past care."

{¶ 4} The magistrate signed the order on December 1, 1999. Nine days later, the juvenile court judge signed it and ordered it to be journalized.

{¶ 5} The record reflects that a subsequent hearing was held on January 13, 2000 before a magistrate on mother's claim for past care. Since only the Agency's attorney appeared for the hearing, the magistrate recommended that "mother's claim for past care be dismissed for lack of evidence." The juvenile court judge approved the order on February 29, 2000 and it was journalized on March 6, 2000. No other action appears to have

taken place in the case until ten years later, on May 17, 2010, when Davis filed a "motion to request hearing to terminate arrears and current child support order."

{¶ 6} Davis filed this motion in response to the administrative decision issued on April 21, 2010 that terminated Davis's child support obligations, but determined he owed $59,325.33 in past due amounts. According to the notice of "Hearing Rights" contained in the administrative decision, Davis had 30 days to file "a motion to object to the Administrative Termination Hearing Decision," by filing a motion "in the court that issued the Order." In his motion, Davis objected to the finding that he owed past arrears and further requested "a paternity test and hearing to justify requested support payment and arrears." Davis argued that he was incarcerated when H.M. was born, and that while the mother had told him upon his release (after serving five years and seven months) that he was the father, he had never been "provided a paternity test confirming that [H.M. was his] child."

{¶ 7} Despite Davis's timely filing, however, the juvenile court ignored the objection. On June 10, 2010, the court adopted the April 21, 2010 CSEA Administrative Termination Hearing Decision, finding that "[n]either obligor nor obligee objected to CSEA's decision by filing a motion with this Court." On June 23, 2010, the juvenile court judge signed a journal entry, adopting its June 10, 2010 order. The journal entry was filed with the clerk on June 25,

2010. The foregoing journal entry expressly indicated that appeals "may be taken to the Eighth District * * * by filing a Notice of Appeal" within 30 days. But despite this journal entry, the record reflects that the juvenile court subsequently held on July 12, 2010 a "pretrial" hearing on Davis's May 17 objection — the very objection pertaining to the administrative order that the juvenile court had previously adopted in the June 25 journal entry. Due to lack of service of the mother, however, the magistrate ordered Davis to perfect service and continued the pretrial.

{¶ 8} In the magistrate's decision dated "December 8, 2010," the magistrate indicated that hearing was held on Davis's May 17, 2010 "motion" that objected to the CSEA order issued on April 21, 2010. The magistrate recommended Davis's "motion" should be dismissed without prejudice because it failed "to state a sufficient claim upon which this court may grant relief in that the objection questions the establishment of paternity, however the administrative recommendation concerns the termination of the support order due to emancipation and the repayment of previously determined arrears."

{¶ 9} Davis subsequently filed timely objections to the magistrate's decision, arguing that he had not properly been determined to be H.M.'s father. That same day, on December 23, 2010, Davis also filed a "motion for order to show cause and order to vacate order," requesting the juvenile court to vacate its "June 25, 2010" order for the following four grounds: "1. mistake in findings and recommendations[;] 2. failure of obligee [mother] to

show cause[;]   3.   failure of obligee to appear April 21, 2010, July 12, 2010, or December 8, 2010[; and] 4. failure to establish paternity."

{¶ 10} The juvenile court judge ultimately overruled Davis's objections and adopted the magistrate's decision of December 8, 2010, thereby dismissing without prejudice Davis's motion filed May 17, 2010.

{¶ 11} From this decision, Davis appeals, raising the following two assignments of error:

{¶ 12} "[I.]   The trial court committed reversible error by failing to consider relief from judgment under Civ.R. 60(B)(3), (4), and (5).   Henry Davis' motion to vacate order is sufficient claim upon which court could grant relief.   Henry Davis' motion for order to show cause and order to vacate order is sufficient claim upon which court could grant relief.

{¶ 13} "[II.]   The trial court committed reversible error by failing to serve plaintiff with notice of parentage or evidentiary hearing."

<u>Final Order</u>

{¶ 14} Initially, we note that, although Davis's two assignments of error pertain to his motion to vacate order, the judgment from which he appeals does not address that motion.   In fact, we fail to find any order of the juvenile court addressing this motion; it appears that the trial court has yet to rule on the motion.

{¶ 15} Turning to the judgment that Davis has appealed from, we find that this is not a final order. As this court recently recognized in *In re Z.S.*, 8th Dist. No. 96500, 2011-Ohio-3269, a trial court's dismissal of an action to vacate a paternity determination "without prejudice" is not a final order. Relying on Civ.R. 41(B)(3), this court recognized that an adjudication that is not upon the merits, such as the one issued by the trial court in this case, is neither a judgment nor a final order for purposes of R.C. 2505.02. Id. at ¶22. Indeed, under such circumstances, the action can be refiled; therefore, an appeal from a judgment that does not adjudicate the merits is not a final, appealable order.

{¶ 16} Here, it is clear that Davis is seeking an order from the juvenile court vacating the CSEA's determination that he owes $59,325.33 in child-support arrears. And while Davis's objection and motion to terminate arrears was dismissed without prejudice, Davis is free to proceed further under R.C. 3119.961 and seek relief from the paternity judgment. Id. at ¶23, citing *State ex rel. E.T. v. H.S.*, 8th Dist. No. 82820, 2004-Ohio-2343, ¶8 ("R.C. 3119.96 et seq. provides a right to seek relief from a judgment of paternity without a specific time limit."). Davis, however, must first attempt to obtain DNA testing in order to invoke the juvenile court's jurisdiction. Id., citing *Jones v. Jones*, 2d Dist. No. 2008 CA 34, 2010-Ohio-744.

{¶ 17} Accordingly, because we find that the order from which Davis appeals is not a final order, thereby depriving this court of jurisdiction, we must dismiss the appeal.

Appeal dismissed.

It is ordered that appellees recover from appellant the costs herein taxed.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

MARY J. BOYLE, JUDGE

MARY EILEEN KILBANE, A.J., and
KENNETH A. ROCCO, J., CONCUR