[Cite as *Chase Home Fin., L.L.C. v. Literski*, 2014-Ohio-615.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| CHASE HOME FINANCE, LLC, | : | APPEAL NOS. C-130404 |
| | | C-130433 |
| Plaintiff-Appellee/Cross-Appellant, | : | TRIAL NO. A-1007475 |
| | : | *O P I N I O N.* |
| vs. | : | |
| DIANE M. LITERSKI, | : | |
| and | : | |
| COLIN JOSEPH ANTHONY LITERSKI, | : | |
| Defendants-Appellants/Cross-Appellees, | : | |
| and | : | |
| THE HUNTINGTON NATIONAL BANK, | : | |
| and | : | |
| CAPITAL ONE BANK, | : | |
| Defendants. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded; Cross-Appeal Dismissed

Date of Judgment Entry on Appeal:  February 21, 2014

*Bricker & Eckler LLP*, *Nelson M. Reid* and *Daniel C. Gibson*, for Plaintiff-Appellee/Cross-Appellant,

*Sams, Fischer, Packard & Schuessler, LLC*, and *Dwight A. Packard, II*, for Defendants-Appellants/Cross-Appellees.

**Please note:  this case has been removed from the accelerated calendar.**

**SYLVIA S. HENDON, Presiding Judge.**

{¶1} This appeal concerns the parol evidence rule and its application to the facts and circumstances surrounding the execution of a promissory note.

{¶2} We hold that the trial court erred in granting plaintiff-appellee/cross-appellant Chase Home Finance, LLC's, ("Chase") Civ.R. 12(C) motion for judgment on the pleadings with respect to counterclaims for fraud in the inducement, negligent misrepresentation, breach of contract, and promissory estoppel filed by defendants-appellants/cross-appellees Diane and Colin Literski ("the Literskis"). The trial court erred in converting the counterclaims for fraud in the inducement and negligent misrepresentation into affirmative defenses. And, because application of the parol evidence rule was barred by the fraudulent inducement exception at this stage of the proceedings, the court erred in dismissing the Literskis' counterclaims on this basis.

### Factual Background

{¶3} Chase filed a foreclosure action against the Literskis asserting that they had defaulted on a promissory note issued by the bank.

{¶4} On January 26, 2005, Diane Literski executed a promissory note with Chase in the amount of $286,225. Colin Literski was out of the country at the time that the promissory note was executed and did not personally sign the note. But he and Chase representative Peter Boomer had engaged in various negotiations concerning the terms of the promissory note prior to its execution. According to the Literskis' answer and counterclaim, Colin and Boomer had agreed that Chase would waive all settlement charges and closing costs associated with the refinancing of their

loan and execution of the note. Chase had also agreed to reduce the principal balance of the Literskis' original loan by $4,225.

{¶5} At the time that she signed the note, Diane Literski was assured by Chase that the note contained the terms previously agreed upon by Colin and Chase. The note was secured by the execution of a mortgage on the Literskis' property located at 5911 Turpin Hills Drive in Cincinnati. Both Diane and Colin signed and executed the mortgage. The Literskis made regular payments on the note, but in time discovered that, contrary to Chase's assertions, the note had not contained the terms alleged to have been previously agreed upon by Chase and Colin Literski. Specifically, the settlement charges had not been waived, and the loan balance had been increased by $4,225, rather than reduced.

{¶6} According to the Literskis, Chase never remedied these discrepancies, despite repeated assurances that the bank would resolve the issues. For several years, the Literskis had made all monthly payments at the amount requested by Chase. This amount was higher than the amount provided for in the promissory note and included escrow payments. But in April of 2010, the Literskis determined that they had overpaid the loan escrow, and they began to make adjusted monthly payments of $1,625.15, the amount specifically provided for in the promissory note. In July of 2010, Chase refused to accept the payment tendered by the Literskis, and it filed for foreclosure on the note and mortgage.

{¶7} The Literskis counterclaimed against Chase, asserting, as relevant to this appeal, claims of fraud in the inducement, negligent misrepresentation, breach of contract, and promissory estoppel. Chase filed both a Civ.R. 12(C) motion for judgment on the pleadings with respect to the Literskis' counterclaims and a motion

for summary judgment on the bank's own foreclosure action. A magistrate granted the motion for judgment on the pleadings and dismissed the Literskis' counterclaims. The counterclaims for fraud in the inducement and negligent misrepresentation were dismissed after the magistrate determined that these claims were actually affirmative defenses, and that they did not entitle the Literskis to damages. And the magistrate found that the counterclaims for breach of contract and promissory estoppel were barred by the parol evidence rule.

{¶8} In the same entry, the magistrate denied Chase's motion for summary judgment after determining that there existed genuine issues of material fact concerning the amount due and owing on the promissory note and whether a default had occurred. After ruling on the two motions, the magistrate then dismissed Chase's foreclosure action without prejudice for failure to prosecute within the mandatory time limits, citing the Supreme Court of Ohio's Rules of Superintendence. Both parties filed objections to the magistrate's decision. Because neither party had filed a transcript of the proceedings before the magistrate, the trial court presumed the regularity of those proceedings and overruled all objections.

{¶9} Both parties have appealed. In their appeal, the Literskis argue that the trial court erred in dismissing their counterclaims for fraud in the inducement, negligent misrepresentation, breach of contract and promissory estoppel. In its cross-appeal, Chase argues that the trial court erred in denying its motion for summary judgment.

### Conversion of Counterclaims

{¶10} In their sole assignment of error, the Literskis challenge the trial court's dismissal of their counterclaims under Civ.R. 12(C). We review de novo a

trial court's ruling on a Civ.R. 12(C) motion for judgment on the pleadings. *Mallory v. Cincinnati*, 1st Dist. Hamilton No. C-110563, 2012-Ohio-2861, ¶ 9.

{¶11} The Literskis first contend that the trial court erred in converting their counterclaims for fraud in the inducement and negligent misrepresentation into affirmative defenses. With respect to the Literskis' counterclaim for fraud in the inducement, the magistrate stated in his entry that "[t]he court finds this counterclaim is an affirmative defense to the foreclosure action and to the Literskis' alleged default on the Note, but does not entitle them to damages. Therefore, Plaintiff's Motion for Judgment on the Pleadings is well-taken." The court used the same language when dismissing the counterclaim for negligent misrepresentation.

{¶12} The Literskis had pled fraud in the inducement and negligent misrepresentation as both counterclaims and as affirmative defenses to Chase's foreclosure claim. When pleading them as counterclaims, the Literskis alleged that they had suffered pecuniary damage in an amount exceeding $25,000. A trial court, when ruling on a Civ.R. 12(C) motion for judgment on the pleadings, must accept all material allegations in the nonmoving party's complaint as true, and must construe all reasonable inferences in that party's favor. *Corporex Dev. & Constr. Mgt. Inc. v. Shook, Inc.*, 106 Ohio St.3d 412, 2005-Ohio-5409, 835 N.E.2d 701, ¶ 2. The trial court was required to accept the Literskis' allegation that they had suffered pecuniary damage as true at this stage of the proceedings. Consequently, it erred in dismissing the counterclaims for fraud in the inducement and negligent misrepresentation on the grounds that the Literskis could not prove damages.

{¶13} The rules of civil procedure provide no authority for the trial court to convert properly pled counterclaims into affirmative defenses. Civ.R. 8(C) provides

that "[w]hen a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court, if justice so requires, shall treat the pleading as if there had been a proper designation." But this rule has no application to the case at bar. The Literskis had not improperly designated their counterclaims for fraud in the inducement and negligent misrepresentation. In fact, they pled each of these claims as both counterclaims and as affirmative defenses. Because the Literskis properly pled counterclaims for fraud in the inducement and negligent misrepresentation, the trial court had no authority to designate those counterclaims as affirmative defenses.

{¶14} Chase argues that even if the trial court erred in designating the counterclaims as affirmative defenses and in dismissing them because the Literskis could not prove damages, the court's dismissal should still be upheld because the counterclaims were barred by the parol evidence rule. We consider Chase's argument together with the Literskis' next contention, which is that the trial court erred in dismissing their counterclaims for breach of contract and promissory estoppel on the grounds that they were barred by the parol evidence rule.

### *Parol Evidence Rule*

{¶15} The purpose of the parol evidence rule is to protect the integrity of final, written agreements. *Citicasters Co. v. Bricker & Eckler, LLP*, 149 Ohio App.3d 705, 2002-Ohio-5814, 778 N.E.2d 663, ¶ 7 (1st Dist.). It provides that "absent fraud, mistake or other invalidating cause, the parties' final written integration of their agreement may not be varied, contradicted or supplemented by evidence of prior or contemporaneous oral agreements, or prior written agreements." *Galmish v. Cicchini*, 90 Ohio St.3d 22, 27, 734 N.E.2d 782 (2000), quoting 11 Williston on

Contracts (4 Ed.1999) 569-570, Section 33:4. There are various exceptions to the application of the parol evidence rule, but, absent an exception, the rules bars the use of prior or contemporaneous agreements to alter the terms of a validly executed written agreement.

{¶16} Chase contends that the Literskis cannot prove their counterclaims without relying on parol evidence, specifically the agreements reached by Colin Literski and Peter Boomer prior to Diane Literski's execution of the promissory note. The Literskis argue that because the promissory note was not a final integrated agreement, parol evidence is permitted to define the actual terms of the parties' agreement. We are not persuaded. It is clear that the promissory note was intended to be the final embodiment of the parties' agreement. The terms of the note are clear and unambiguous. *See First Natl. Bank of Cincinnati v. May*, 1st Dist. Hamilton No. C-840417, 1985 Ohio App. LEXIS 6500, * 4 (Apr. 24, 1985). Because the promissory note was a final, integrated agreement, its terms cannot be altered by parol evidence absent an exception to this rule of law. And we agree with Chase that the Literskis' counterclaims are dependent upon this parol evidence.

{¶17} The Literskis advance several exceptions to the parol evidence rule that they assert prevents its application. They first contend that the collateral agreement rule applies in this case. The collateral agreement rule allows the introduction of parol evidence to prove the existence of a collateral agreement that was made prior to or contemporaneous with a written agreement. *Patrick v. Ressler*, 10th Dist. Franklin No. 04AP-149, 2005-Ohio-4971, ¶ 28. But, the law is clear that "any such collateral agreement must not contradict the terms of the written agreement, and the agreement must be one that would naturally be omitted from the

written instrument." *Id.,* quoting *Pingue v. Durante*, 10th Dist. Franklin No. 95APG09-1241, 1996 Ohio App. LEXIS 1857, * 8-9 (May 9, 1996). Here, the purported collateral agreement between Literski and Boomer contains loan terms promised by Boomer that directly contradict the terms of the parties' final written agreement. The collateral agreement covers the same subject matter as the promissory note; it does not contain information that supplements the promissory note, but that would naturally be omitted from it. We cannot find that the collateral agreement rule provides for the admission of parol evidence in this case.

{¶18} The Literskis next rely on the fraudulent inducement exception to the parol evidence rule. Under this exception, parol evidence is admissible to prove that a party was fraudulently induced into signing a written agreement. *Galmish*, 90 Ohio St.3d at 28, 734 N.E.2d 782. However, the admission of parol evidence is not triggered by a fraudulent inducement claim alleging that "the inducement to sign the writing was a promise, the terms of which are directly contradicted by the signed writing." *Id.* at 29, quoting *Marion Prod. Credit Assn. v. Cochran*, 40 Ohio St.3d 265, 533 N.E.2d 325 (1988), paragraph three of the syllabus. Rather, the evidence of fraud must demonstrate that the party was fraudulently induced into entering an agreement by promises that the promising party had no intention of fulfilling. *Id.* at 29-30.

{¶19} This case presents somewhat of a unique factual scenario. Here, the Literskis attempt to invoke the fraudulent inducement exception through their contention that Chase had made promises to Colin regarding loan terms that the bank had no intention of fulfilling, for the sole purpose of inducing the Literskis to sign the promissory note. The law is clear that the parol evidence rule cannot be

circumvented by allegations of fraud, when the alleged fraudulent promises are directly contradicted by the signed writing. This rule of law is based on the longstanding purpose behind the parol evidence rule, namely that a party cannot claim they were misled into signing a document when the aggrieved party could have discovered the truth by simply reading the document. *See Ed Schory & Sons, Inc. v. Francis*, 75 Ohio St.3d 433, 441, 662 N.E.2d 1074 (1996). In this case, the terms of the promissory note clearly contradict the fraudulent promises and misrepresentations made by Chase. But despite the contradicting terms, the Literskis argue that Diane could not have discovered the truth by merely reading the document because Chase had negotiated the terms that were to be included in the note solely with Colin. That is why, the Literskis argue, Diane asked Chase if the note contained the terms previously agreed upon by her husband and Boomer, and why she relied upon Chase's assurances that the note conformed to the prior agreements.

{¶20} Because, in our review of a motion for judgment on the pleadings we must construe all reasonable inferences in favor of the nonmoving party, we find that the Literskis have sufficiently alleged facts to support the application of the fraudulent inducement exception to the parol evidence rule. Had Diane been privy to the prior negotiations that had taken place between her husband and Peter Boomer, this court may have reached a different conclusion. At this stage of the proceedings, the Literskis' counterclaims were not barred by the parol evidence rule. We hold that the trial court erred in granting Chase's motion for judgment on the pleadings with respect to the four counterclaims at issue in this appeal.

### *Chase's Cross-Appeal*

{¶21}  Chase has filed a cross-appeal challenging the trial court's denial of its motion for summary judgment.  But because the order Chase has appealed from is not final, we dismiss the cross-appeal.

{¶22}  In addition to denying Chase's motion for summary judgment, the trial court dismissed Chase's foreclosure action without prejudice under Civ.R. 41(B)(1) for failure to prosecute within the mandatory time limits, citing the Supreme Court of Ohio's Rules of Superintendence.  Although we question the propriety of this action, that issue is not properly before this court for review.  An involuntary dismissal without prejudice under Civ.R. 41(B)(1) is not a final order.  *Maxwell v. Forest Fair Mall, Ltd.*, 1st Dist. Hamilton No. C-060412, 2007-Ohio-3087, ¶ 7.  Because the dismissal was without prejudice, the case has not been resolved on its merits and Chase remains free to refile the action.  *See Hall v. Cleveland State Univ.*, 129 Ohio App.3d 767, 769, 719 N.E.2d 54 (8th Dist.1998).

{¶23}  The trial court dismissed Chase's foreclosure action in the same entry that it granted Chase's motion for judgment on the pleadings, which unquestionably was a final order.  The court also included Civ.R. 54(B) language in its entry indicating that there was no just cause for delay.  But the inclusion of Civ.R. 54(B) language does not transform a nonfinal order into an appealable order.  *Phillips v. Conrad*, 1st Dist. Hamilton No. C-020302, 2002-Ohio-7080, ¶ 14.  Rather, the Civ.R. 54(B) language rendered the court's granting of the motion for judgment on the pleadings immediately appealable, despite the fact that fewer than all claims had been adjudicated.  *Id.*  Consequently, we dismiss Chase's cross-appeal.

*Conclusion*

{¶24} Because the Literskis sufficiently pled damages with respect to their counterclaims for fraud in the inducement and negligent misrepresentation, and because the counterclaims for fraud in the inducement, negligent misrepresentation, breach of contract, and promissory estoppel are not barred by the parol evidence rule at this stage of the proceedings, the trial court erred in granting Chase's motion for judgment on the pleadings with respect to those counterclaims. We reverse the trial court's granting of that motion and remand the action for further proceedings consistent with this opinion.

Judgment accordingly.

**DINKELACKER** and **FISCHER, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.