CENTRAL MUTUAL INSURANCE COMPANY ET AL. *v.* BRADFORD-WHITE COMPANY ET AL., APPELLEES; QUALITY WATER & AIR, INC., APPELLANT.

(No. L-86-373 — Decided February 20, 1987.)

*James E. Brazeau* and *Gerald R. Kowalski,* for appellees.

*C. David Cox, Jr.* and *Joseph P. Dawson,* for appellant.

HANDWORK, P.J. This matter is before the court on appellees' (James Whitaker Company's and Bradford-White Company's) motions to dismiss the appeal of appellant Quality Water & Air, Inc. Appellees argue that the trial court never rendered a final judgment from which appellant may appeal. We agree with appellees' argument, and grant their motion to dismiss.

An abbreviated version of the facts giving rise to the instant appeal is as follows. Plaintiffs, who are not parties to this appeal, filed a complaint against appellees. Appellee James Whitaker then filed a third-party complaint against appellant. Next, plaintiffs filed an amended complaint, adding appellant as a defendant. Appellant then cross-claimed against appellee James Whitaker.

On October 17, 1986, the trial court granted appellee James Whitaker's motion for summary judgment on its third-party complaint against appellant. Also, on October 17, 1986, the trial court granted appellee Bradford-White's motion for summary judgment against plaintiffs on their complaint. Neither judgment entry specified that there was "* * * no just reason for delay* * *" as to entering final judgment upon these motions for summary judgment until such a time as judgment had been rendered upon the remaining claims pending in the trial court. Civ. R. 54(B). For example, the trial court had not yet rendered judgment upon plaintiffs' complaint against appellant.

On October 28, 1986, the trial court rendered a "Dismissal Entry" against plaintiffs' complaint. This entry was prepared and approved by plaintiffs' attorney, and in pertinent part, read as follows: "Case called for trial. The plaintiffs being unable to proceed at this time said cause is hereby dismissed for want of prosecution, without prejudice, otherwise than on the merits and at plaintiffs' costs." Appellant and appellee Bradford-White have represented to this court that plaintiffs voluntarily dismissed their complaint. We find, however, that the substance of the dismissal is that of an involuntary dismissal pursuant to Civ. R. 41(B)(1). Since the entry's language is clear and unambiguous, we shall treat it as an involuntary dismissal.

Appellees argue that the October 17, 1986 judgment entries were not final judgments. Appellees argue that since the trial court did not expressly determine that there was no just reason for delay, and since claims remained pending in the court, these judgment entries were not final appealable orders. See, *e.g., State, ex rel. Jacobs,* v. *Municipal Court* (1972), 30 Ohio St. 2d 239, 59 O.O. 2d 298, 284 N.E. 2d 584; *Whitaker-Merrell* v. *Geupel Co.* (1972), 29 Ohio St. 2d 184, 58 O.O. 2d 399, 280 N.E. 2d 922.

Appellant agrees that the judgment entries in question were not final appealable orders when they were file-stamped on October 17, 1986. See Civ. R. 58. Appellant does argue, however, that these judgment entries went to the merits of its and appellee James Whitaker's claims against each other and to plaintiffs' claim against appellee Bradford-White. Appellant argues that these judgment entries became final judgments and, thus, final appealable orders, when plaintiffs' complaint was dismissed. Appellant bases this argument on the undisputed fact that after the dismissal of plaintiffs' complaint, no claims remained pending against any party in the trial court.

Appellant has argued that once plaintiffs' complaint was dismissed, the trial court's judgment entries became final judgments in the sense that these judgments became *res judicata* for the purpose of subsequent

proceedings. Appellant has stated that such proceedings have been commenced against it in the Lucas and Wood County Courts of Common Pleas, albeit by different plaintiffs.

The question presented for this court's review is whether the trial court's October 17, 1986 judgment entries are final appealable orders. We find that if these judgment entries ever became final appealable orders, then they became so when plaintiffs' complaint was involuntarily dismissed. We believe that it is necessary to examine the nature of the involuntary dismissal and the effect that it had on the judgment entries in question.

The trial court's entry of an involuntary dismissal against plaintiffs' complaint, otherwise than on the merits, was proper. See Civ. R. 41(B)(3). Since the dismissal was otherwise than on the merits, the parties were left in the same position as if plaintiffs had never commenced the action against them. See *DeVille Photography, Inc.* v. *Bowers* (1959), 169 Ohio St. 267, 272, 8 O.O. 2d 281, 284, 159 N.E. 2d 443, 446-447; *Metz* v. *Betzner* (1946), 77 Ohio App. 320, 324, 45 Ohio Law Abs. 35, 38-39, 33 O.O. 116, 118, 67 N.E. 2d 651, 653, appeal dismissed (1946), 146 Ohio St. 700, 33 O.O. 171, 67 N.E. 2d 860. Plaintiffs are free to commence another action against appellees and appellant. See *Board of Health* v. *St. Bernard* (1969), 19 Ohio St. 2d 49, 52, 48 O.O. 2d 57, 59, 249 N.E. 2d 888, 891. Under Ohio law, the dismissal of an action without prejudice, whether voluntary or involuntary, dissolves all orders rendered by the trial court during the pendency of the action. *Krug* v. *Bishop* (1885), 9 Ohio Dec. Rep. 250, 252, reversed on other grounds (1886), 44 Ohio St. 221, 6 N.E. 252; *Standard Oil Co.* v. *Grice* (1975), 46 Ohio App. 2d 97, 101, 75 O.O. 2d 81, 83, 345 N.E. 2d 458, 461. See, generally, Annotation, Effect of Nonsuit, Dismissal, or Discontinuance of Action on Previous Orders (1950), 11 A.L.R. 2d 1407.

In the instant case, we hold that the October 17, 1986 judgment entries were dissolved when the trial court dismissed plaintiffs' complaint. Since these judgment entries never became final appealable orders, the trial court's rulings therein are not *res judicata* in a subsequent proceeding. The Supreme Court of Ohio reached the same conclusion in *DeVille Photography, Inc.* v. *Bowers, supra,* at 272, 8 O.O. 2d at 284, 159 N.E. 2d at 447, holding that " '[w]here an action or proceeding is dismissed without prejudice, rulings preceding the final judgment or decree of dismissal are, as a general proposition, not capable of becoming *res judicata*.' * * *'" (Citation omitted.) See *Hensley* v. *Henry* (1980), 61 Ohio St. 2d 277, 278, 15 O.O. 3d 283, 284, 400 N.E. 2d 1352, 1353, fn. 3; *Mercer* v. *Uniroyal, Inc.* (1976), 49 Ohio App. 2d 279, 282, 3 O.O. 3d 333, 334-335, 361 N.E. 2d 492, 494.

Appellant has referred this court's attention to *Fleming* v. *American Capital Corp.* (App. 1976), 1 O.O. 3d 265, for the proposition that, in the instant case, appellees' motions for summary judgment were granted on the merits of the issues raised in the pleadings and, therefore, became final appealable orders when plaintiffs' complaint was involuntarily dismissed. We find that the *Fleming* case does not support appellant's position. In *Fleming*, the lower court's award of summary judgment in the defendant's favor in the previous action had been a final appealable order and, therefore, *res judicata* as to the subsequent proceeding commenced by the plaintiff. This was for the reason that in the previous action, the lower court had adjudicated all the claims of all the parties on the merits. Accordingly, the *Fleming* court was never presented with a Civ. R. 54(B) "problem."

In the instant case, we hold that

the involuntary dismissal of plaintiffs' complaint, pursuant to Civ. R. 41(B)(1) and otherwise than on the merits, was not an "* * * entry of judgment adjudicating all the claims and the rights and liabilities of all the parties[,]" within the meaning of Civ. R. 54(B). Cf. *Hensley* v. *Henry, supra.* (A plaintiff's dismissal pursuant to Civ. R. 41[A][1][a], otherwise than on the merits, is not a final judgment, order or proceeding under Civ. R. 60[B].) The trial court's dismissal of plaintiffs' complaint did not *adjudicate* any claims or rights and liabilities of any party in the instant case. Cf. *Balson* v. *Dodds* (1980), 62 Ohio St. 2d 287, 16 O.O. 3d 329, 405 N.E. 2d 293. (An involuntary dismissal of the plaintiff's complaint pursuant to Civ. R. 41[B][1] on the merits is a final judgment from which an appeal immediately lies.)

We hold that the October 17, 1986 judgment entries are not final appealable orders within the meaning of R.C. 2505.02. Accordingly, appellees' motions to dismiss appellant's appeal are granted. This case is remanded to the Lucas County Court of Common Pleas for assessment of costs against appellant Quality Water & Air, Inc.

*Appeal dismissed.*

CONNORS and RESNICK, JJ., concur.