Appellant, Terrence Hattie, has attempted to appeal from an order of the Lorain County Court of Common Pleas dismissing his case without prejudice for failure to be present or represented at pretrial. Because Appellant has attempted to appeal from an order that is not final within the meaning of R.C. 2505.02, this appeal is dismissed.
On March 23, 1996, Appellant filed a complaint against Appellee, Richard Garn, and Jody Sherman alleging breach of contract. Ms. Sherman was never served with notice of the complaint. On February 14, 1997, Appellee moved the trial court for summary judgment. On May 14, 1997, the trial court granted Appellee's motion for summary judgment and dismissed all claims against Ms. Sherman pursuant to Civ.R. 3(A). Appellant timely appealed. This court affirmed the dismissal of Ms. Sherman, but reversed and remanded the case on the claims against Appellee. Following the remand to the trial court, a pretrial was scheduled for August 6, 1998. At that time, Appellant was incarcerated and unrepresented by counsel. In light of his inability to attend the pretrial and his desire to remain pro se, Appellant made arrangements to have a friend attend in his stead and represent his interests. Appellant filed a notice of appearance for his friend pursuant to which he informed the court that he had given this individual power of attorney over the matter and that she had full settlement authority. At the pretrial, the court noted that the individual appearing on behalf of Appellant was not permitted to represent Appellant as she was not licensed to practice law in the State of Ohio. Due to Appellant's failure to personally attend the pretrial or be represented by counsel at the pretrial, the trial court dismissed the case without prejudice for failure to prosecute. Appellant has attempted to appeal from this dismissal.
R.C. 2505.02 defines "final order" in part as "[a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment." Pursuant to Civ.R. 41(B)(3), a dismissal for failure to prosecute operates as an adjudication on the merits, unless the court's order states otherwise. Here, the court clearly and repeatedly stated the dismissal was without prejudice. A dismissal without prejudice is not a final determination of the rights of the parties and does not constitute a judgment or final order when refiling or amending of the complaint is possible. See Central Mut. Ins. Co. v.Bradford-White Co. (1987), 35 Ohio App.3d 26, 28.
Therefore, since the trial court dismissed the case without prejudice, the order is not final within the meaning of R.C.2505.02, and this appeal must accordingly be dismissed.
Appeal Dismissed.
 Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
LYNN C. SLABY, FOR THE COURT BAIRD, P.J.
BATCHELDER, J.
CONCUR