This cause was heard upon the record in the trial court and the following disposition is made:
 DECISION AND JOURNAL ENTRY
{¶ 1} Appellants/Cross-Appellees, Mary Jo Slick ("Slick") and Sharon Griffith ("Griffith"), appeal the order of the Stark County Court of Common Pleas, dismissing the complaint of Appellee/Cross-Appellant, John McIntosh ("McIntosh"). McIntosh cross-appeals from the same decision.
 I. {¶ 2} As this case has a long history, we begin by briefly summarizing its procedural history as it relates to this appeal. On March 17, 1995, McIntosh filed a complaint against the Osnaburg School District Board of Education, seeking declaratory relief and reinstatement into his employment position, and bringing claims of breach of contract, defamation, tortious interference with an employment contract, and a due process violation concerning the district's termination and non-renewal process. On December 22, 1995, the East Canton Education Association (ECEA) filed a complaint for declaratory judgment in the Stark County Court of Common Pleas, seeking a declaration as to whether McIntosh was a tenured teacher in the Osnaburg Local School District. McIntosh filed a counterclaim against the ECEA and claims against (1) the Ohio Education Association ("OEA"), (2) Slick, an employee of the OEA, and (3) Griffith, the president of the ECEA, alleging defamation and tortious interference with an employment contract. These two actions were ultimately consolidated by the trial court.
Slick and Griffith filed motions for judgment on the pleadings. The basis for the motions was that McIntosh had improperly joined them in the suit. The trial court granted the motions, entitling its order as "Judgment Entry on Motions to Dismiss by Sharon Griffith and Mary Jo Slick." Five days later, the trial court entered a nunc pro tunc judgment entry, which merely changed the heading to "Judgment Entry Granting Motions for Judgment on the Pleadings." McIntosh appealed from this order in a previous appeal. He also filed another complaint against Slick and Griffith, re-alleging the same causes of action as those in the prior case: defamation and tortious interference with an employment contract. Slick and Griffith both filed motions for summary judgment raising three arguments in support: (1) the claims were barred due to the expiration of the applicable statute of limitations, (2) the claims were barred by the doctrine of res judicata, and (3) the claims fail on the merits because, as a matter of law, there was no breach of contract, and therefore, there can be no tortious interference with an employment contract.
The trial court dismissed the claims against Slick and Griffith, finding that the complaint had been filed prematurely because the previous case was still pending on appeal. The court dismissed the action "pursuant to Civil Rule 41(B)(4), for failure other than on the merits." Slick and Griffith each appealed, and the appeals were consolidated. McIntosh then cross-appealed.
 II.
Before reaching the merits of these appeals and cross-appeal, we must determine whether this Court has jurisdiction to review the order from which the parties appeal. Section 3(B)(2), Article IV of the Ohio Constitution limits this court's appellate jurisdiction to the review of final judgments of lower courts. For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B). Chef Italiano Corp. v. Kent State Univ.(1989), 44 Ohio St.3d 86, 88.
R.C. 2505.02 provides, in pertinent part:
 "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment[.]"
 A dismissal pursuant to Civ.R. 41(B), other than pursuant to Civ.R.41(B)(4), and any dismissal not provided for in Civ.R. 41, "operates asan adjudication upon the merits unless the court, in its order fordismissal, otherwise specifies." Civ.R. 41(B)(3). "A dismissal withoutprejudice is not a final determination of the rights of the parties anddoes not constitute a judgment or final order when refiling or amendingof the complaint is possible." Hattie v. Garn (Dec. 29, 1999), 9th Dist. No. 98CA007208, citing Central Mut. Ins. Co. v. Bradford-White Co. (1987), 35 Ohio App.3d 26, 28. See, also, Chambers v. LTV Steel Co. (Sept. 23, 1996), 5th Dist. No. 95-CA-0302.
In this case, the trial court's entry specified that this dismissal was other than on the merits. The language of the entry contemplates that the case will be refiled in the future. Therefore, the order from which Slick and Griffith appeals and McIntosh cross-appeals is not a final determination as to the rights of the parties and is not a final appealable order pursuant to R.C. 2505.02. Accordingly, because the order appealed and cross-appealed from is not final and appealable, this Court does not have jurisdiction to review it.
 III.
As none of the parties has appealed from a final appealable order, the appeals and cross-appeal are dismissed for lack of jurisdiction.
Appeals and Cross-Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to both parties equally.
Exceptions.
WILLIAM R. BAIRD FOR THE COURT, SLABY, P.J., BATCHELDER, J., CONCUR.
(Baird, J., Judge of the Ninth District Court of Appeals, sitting by assignment of The Ohio Supreme Court.)
(Slaby, P.J., Judge of the Ninth District Court of Appeals, sitting by assignment of The Ohio Supreme Court.)
(Batchelder, J., Judge of the Ninth District Court of Appeals, sitting by assignment of The Ohio Supreme Court.)