[Cite as *Showe Mgt. Corp. v. Adams*, 2012-Ohio-3214.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| SHOWE MANAGEMENT CORP. | JUDGES: |
| | Hon. William B. Hoffman, P. J. |
| Plaintiff-Appellant | Hon. Sheila G. Farmer, J. |
| | Hon. John W.Wise, J. |
| -vs- | |
| | Case No. 11 CA 124 |
| LAQUANDRA ADAMS, et al. | |
| | |
| Defendants-Appellees | O P I N I O N |


CHARACTER OF PROCEEDING:         Civil Appeal from the Court of Common
                                 Pleas, Case No.  11 CV 717


JUDGMENT:                        Dismissed


DATE OF JUDGMENT ENTRY:          July 16, 2012


APPEARANCES:

For Plaintiff-Appellant                For Defendant-Appellees

C. BERNARD BRUSH                       LAQUANDRA ADAMS, PRO SE
5530 Columbia Road SW                  DONETTIA ADAMS, PRO SE
Pataskala, Ohio  43062                 1374 Southfield Drive South
                                       Columbus, Ohio  43207

*Wise, J.*

{¶1}    Appellant Showe Management Corp. appeals the trial court's November 10, 2011, decision dismissing its second cause of action for failure to prosecute. Appellant also appeals the trial court's failure to rule upon its Civ.R. 60(B) motion for relief from judgment.

## STATEMENT OF THE FACTS AND CASE

{¶2}    On May 31, 2011, Appellant Showe Management Corp. filed its Complaint for forcible entry and detainer against Appellees Laquandra Adams and Donnettia Adams.

{¶3}    By Agreed Judgment Entry filed June 15, 2011, the trial court adopted an Agreed Magistrate's Order and Decision on Appellant's first cause of action. The second cause of action for damages was set for pre-trial on August 23, 2011, and then scheduled for oral hearing on October 12, 2011.

{¶4}    On October 12, 2011, the matter came before the Magistrate for hearing on the second cause of action.  Appellant's counsel appeared before the trial court on said date for other scheduled cases, but did not go forward at that time with this case, as he did not have the file or his witness with him.

{¶5}    Appellant's counsel later discovered that he had failed to properly place the notice of hearing for that date in his calendar, and had instead placed it for hearing on October 21, 2011. Upon learning that he had inadvertently transposed the numbers for the date of the oral hearing on damages for October 21, 2011, instead of October 12, 2011, Appellant's counsel telephoned the court bailiff, informed him of his mistake and requested that the hearing be re-scheduled for November 8, 2011, at 10:45 a.m.

**{¶6}** On November 8, 2011, Appellant appeared with counsel with the intention of proceeding with the hearing before the Magistrate. Instead, Appellant was informed that no hearing notices had been issued by the bailiff and the case had been sent to the Judge for disposition.

**{¶7}** On November 8, 2011, the trial court filed its judgment entry dismissing Appellant's action for failure to prosecute.

**{¶8}** On November 9, 2011, Appellant filed a motion to reschedule the damages hearing and a motion for relief with memorandum in support.

**{¶9}** On November 14, 2011, the trial court denied Appellant's Motion for Relief from Judgment.

**{¶10}** Appellant now appeals, setting forth the following Assignments of Error:

<u>ASSIGNMENTS OF ERROR</u>

**{¶11}** "I. THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S SECOND CAUSE OF ACTION AGAINST APPELLEE ON NOVEMBER 10, 2011.

**{¶12}** "II. THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING APPELLANT'S CIVIL RULE 60(B) MOTION FOR RELIEF."

I., II.

**{¶13}** In the case *sub judice*, the trial court *sua sponte* dismissed Appellant's second cause of action without prejudice for failure to prosecute after Appellant failed to appear at the oral hearing on damages.

**{¶14}** Civ.R. 41(B)(1) states that "[w]here a plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or a claim."

{¶15}  R.C. 2505.02(B) defines final orders as follows:

{¶16}  "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶17}  "An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶18}  "An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶19}  "An order that vacates or sets aside a judgment or grants a new trial;

{¶20}  "An order that grants or denies a provisional remedy and to which both of the following apply:

{¶21}  "The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶22}  "The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."

{¶23}  Generally, where a cause is dismissed without prejudice and otherwise than on the merits pursuant to Civ.R. 41(B)(1), the parties are left in the same position as if the plaintiff had never brought the action. *Central Mut. Ins. Co., v. Bradford-White* (1987), 35 Ohio App.3d 26, 519 N.E.2d 422. Therefore, a dismissal without prejudice is not a final determination of the rights of the parties and does not constitute a final order pursuant to R.C. 2505.02. *Id. See also Lantsberry v. Tilley Lamp Co.* (1971), 27 Ohio St.2d 303, 272 N.E.2d 127; *Schindler v. Standard Oil Co.* (1956), 165 Ohio St. 76, 133

N.E.2d 127; *See also*, *McIntosh v. Slick,* Stark App. Nos. 2001 CA00268 and 2001 CA00273, 2002-Ohio-3599.

**{¶24}** In *Davis v. Paige* , Stark App. 2007-CV-00248, 2008-Ohio-6415, this Court found that a dismissal without prejudice for failure to prosecute was not a final appealable order.

**{¶25}** In the instant matter, the trial court clearly stated that the action was dismissed without prejudice in its Judgment Entry. Therefore, since appellant has the ability to refile his claims within the time allowed by the applicable law, the trial court's dismissal without prejudice is not a final appealable order. R.C. 2305.19.

**{¶26}** Based on the foregoing analysis, this Court lacks jurisdiction at this time to consider this appeal.

**{¶27}** The appeal in this matter is hereby dismissed.


By: Wise, J.

Farmer, J., concurs.

Hoffman, P. J., concurs separately.


_____

_____

_____

                                        JUDGES

JWW/d 0629

*Hoffman, P.J., concurring*

{¶28}  I concur in the majority's analysis and disposition of this appeal.

{¶29}  I write separately with respect to Appellant's second assignment of error only to note I find the trial court lacked jurisdiction to entertain Appellant's motion for relief from judgment after it had dismissed Appellant's complaint without prejudice for failure to prosecute.  See, *Ebbets Partners, Ltd. V. Day*, 2007-Ohio-1667.

_____

HON. WILLIAM B. HOFFMAN

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


SHOWE MANAGEMENT CORP.    :
                :
    Plaintiff-Appellant         :
                :
-vs-                        :            JUDGMENT ENTRY
                :
LAQUANDRA ADAMS, et al    :
                :
    Defendants-Appellees    :            Case No. 11 CA 124


For the reasons stated in our accompanying Memorandum-Opinion, the appeal

of the judgment of the Court of Common Pleas of Licking County, Ohio, is dismissed.7

Costs assessed to Appellant.


_____

_____

_____

JUDGES