[Cite as *Kopina v. Kopina*, 2014-Ohio-287.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| KELLY L. KOPINA | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| DOUGLAS S. KOPINA | : | Case No. 13CA30 |
| | : | |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Knox County Court
of Common Pleas, Case No.
09DC07-0163


JUDGMENT:    Dismissed


DATE OF JUDGMENT:    January 27, 2014


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant – Pro Se

MORGAN E. GILES                       DOUGLAS S. KOPINO, #600-169
The Giles Law Group                     Marion Correctional Institution
109 E. High Street                         940 Marion-Williamsport Road
Mount Vernon, OH 43050               P.O. Box 57
                                                   Marion, OH 43301-0057

*Baldwin, J.*

{¶1}     Defendant-appellant Douglas Kopina appeals from the October 8, 2013 Journal Entry of the Knox County Court of Common Pleas dismissing his motion alleging that plaintiff-appellee Kelly Kopina was in contempt.

## STATEMENT OF THE FACTS AND CASE

{¶2}     Appellant and appellee were married on December 4, 1999. On July 15, 2009, appellee filed a complaint against appellant seeking a divorce. Pursuant to a Judgment Entry filed on November 12, 2009, appellee was granted a divorce from appellant.

{¶3}     Subsequently, on July 22, 2013, appellant, who was incarcerated, filed a Motion to Show Cause, alleging that appellee was in contempt. Appellant, in his motion, alleged that appellee had violated three provisions of the trial court's November 12, 2009 Judgment Entry.  Appellant alleged, in part, that appellee had violated such order by failing to prepare a QDRO to secure appellant's marital portion of her retirement benefits and by failing to pay him $1,500.00 within one year of the date of the order. A hearing assignment notice was filed on July 24, 2013 stating that an oral hearing on appellant's motion was scheduled for September 30, 2013.  The notice stated that failure to appear may result in dismissal. The notice was sent to appellant at Marion Correctional Institution.

{¶4}     Appellant, on August 14, 2013, filed a motion asking that a Guardian Ad Litem be appointed for him pursuant to Civ.R. 17(B) on the basis that, because he was incarcerated, he was incompetent. Appellant asked that the Guardian Ad Litem be appointed for the sole purpose of attending the September 30, 2013 oral hearing. As

memorialized in a Judgment Entry filed on August 30, 2013, the trial court overruled appellant's motion.

{¶5} Appellant did not appear at the hearing. Pursuant to a Journal Entry filed on October 8, 2013, the trial court dismissed appellant's Motion to Show Cause due to appellant's failure to prosecute. The trial court, in its Journal Entry, stated that appellant "will be able to refile his motion, if necessary, upon his release from incarceration." The trial court also noted that appellee's counsel had indicated that he was communicating with appellant in an attempt to resolve the issues raised in appellant's motion.

{¶6} Appellant now appeals from the trial court's October 8, 2013 Journal Entry, raising the following assignments of error on appeal:

{¶7} THE TRIAL COURT ABUSED ITS DISCRETION BY DISMISSING THE APPELLANT'S MOTION FOR FAILURE TO PROSECUTE WITHOUT FIRST NOTIFYING THE APPELLANT OF THE COURT'S INTENTION TO DISMISS THE COMPLAINT OF THE APPELLANT IN VIOLATION OF OHIO CIVIL RULES OF PROCEDURE, CIV.R. 41(B).

{¶8} THE TRIAL COURT ABUSED ITS DISCRETION BY DISMISSING THE APPELLANT'S COMPLAINT FOR FAILURE TO PROSECUTE AFTER OVERRULING THE REQUEST FOR THE APPOINTMENT OF A GUARDIAN AD LITEM BY THE APPELLANT WHO IS STATUTORILY DEFINED AS "INCOMPETENT" (O.R.C. 2111.01(D)), IN VIOLATION OF THE OHIO CIVIL RULES OF PROCEDURE, CIV. R. 17(B), AND CONSTITUTION OF OHIO, ARTICLE I, [SECTION] 16 DUE PROCESS CLAUSE.

{¶9}     However, before reaching the merits of this appeal, we must determine whether this Court has jurisdiction to review the order from which the parties appeal. Section 3(B)(2), Article IV of the Ohio Constitution limits this Court's appellate jurisdiction to the review of final judgments of lower courts. For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B). *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 88, 541 N.E.2d 64 (1989).

{¶10}   In the case *sub judice,* the trial court *sua sponte* dismissed appellant's motion without prejudice[1] for failure to prosecute after appellant failed to appear at the oral hearing.  Civ.R. 41(B)(1) states that "[w]here a plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or a claim."

{¶11}   R.C. 2505.02(B) defines final orders, in relevant part,  as follows:

{¶12}   "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶13}   "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶14}   "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶15}   "(3) An order that vacates or sets aside a judgment or grants a new trial;

{¶16}   "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

---

[1] While the trial court, in its Journal Entry, stated that the matter should be dismissed with prejudice, it actually ordered that the matter be dismissed without prejudice for failure to prosecute.

{¶17}   "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶18}   "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."

{¶19}   Generally, where a cause is dismissed without prejudice and otherwise than on the merits pursuant to Civ.R. 41(B)(1), the parties are left in the same position as if the plaintiff had never brought the action. *Central Mut. Ins. Co., v. Bradford–White*, 35 Ohio App.3d 26, 519 N.E.2d 422 (6th Dist. 1987). Therefore, a dismissal without prejudice is not a final determination of the rights of the parties and does not constitute a final order pursuant to R.C. 2505.02. *Id.* In *Davis v. Paige,* 5th Dist. Stark  No. 2007–CV–00248, 2008–Ohio–6415, this Court found that a dismissal without prejudice for failure to prosecute was not a final appealable order.

{¶20}   In the instant matter, the trial court, in its Journal Entry, clearly stated that the action was dismissed without prejudice. The trial court further stated that appellant "will be able to refile his motion, if necessary, upon his release from incarceration." Therefore, since appellant has the ability to refile his motion, the trial court's dismissal without prejudice is not a final appealable order.  Since appellant requested that a Guardian Ad Litem be appointed to represent him at the September 30, 2013 hearing, whether or not the  trial court erred in failing to appoint one is now moot.

{¶21}   Based on the foregoing analysis, this Court lacks jurisdiction at this time to consider this appeal.

{¶22}   The appeal in this matter is hereby dismissed.

By: Baldwin, J.

and Delaney, J. concur,

Hoffman, P.J. concurs separately.

*Hoffman, P.J., concurring*

**{¶23}** I concur in the majority's analysis and disposition of this appeal. I write separately only to voice my continuing disagreement with the accepted rule a dismissal without prejudice is not a final appealable order.

**{¶24}** The Sixth District Court of Appeals in *Lippus v. Lippus*, Erie App. No. E-07-003, 2007-Ohio-6886, recognized an exception to this principal. That court found "…where a party's case is involuntarily dismissed by the trial court, and because of the [involuntary] dismissal any rights of the party are extinguished and will not be able to be reasserted in a re-filed case, that party has the right to appeal the dismissal pursuant to R.C. 2505.02(B)(1)…" *Id.*, at ¶19. I agree.

**{¶25}** But I would go further. I would extend the exception to all involuntary dismissals. I believe the delay caused by re-filing and the necessary costs associated therewith, i.e., court costs, potential additional attorney fees, possible delay of date of accrual of post-judgment interest, delay of present day use of money, all are prejudicial to a plaintiff. For example under a worst case scenario, if a plaintiff files a personal injury action which proceeds over the course of years through discovery, pre-trial motions, possible appeal if summary judgment was granted and reversed, but whose case is eventually involuntarily dismissed without prejudice for a reason that is either illegal or represents an abuse of discretion,[2] is not the plaintiff prejudiced by having to re-file and begin the process anew? What if the plaintiff in a divorce case dies before the re-filed case is concluded? What if a defendant(s) in any civil action are discharged

---

[2] A recent case which came before this court involving an involuntary dismissal without prejudice of a divorce case after two days of trial because the case was beyond the Ohio Supreme Court guidelines for disposition serves as a prime example.

in bankruptcy in the interim?  Is not the delay alone, let alone the actual and potential costs necessitated by re-filing, prejudicial.

{¶26}  I would encourage courts reexamine this issue and invite further review of the general rule by the Ohio Supreme Court.