[Cite as *Johnson v. Hershberge*, 2018-Ohio-367.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| DUANE "DAN" JOHNSON | JUDGES:<br>Hon. John W. Wise, P. J. |
| Plaintiff-Appellant | Hon. W. Scott Gwin, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 2017 CA 00206 |
| DEBRA HERSHBERGE, ET AL. | |
| Defendants-Appellees | O P I N I O N |


CHARACTER OF PROCEEDING:     Civil Appeal from the Court of Common
                             Pleas, Case No.  2017 CV 01929


JUDGMENT:                    Dismissed


DATE OF JUDGMENT ENTRY:      January 29, 2018


APPEARANCES:

For Plaintiff-Appellant              For Defendant-Appellee Dr. Deveny

DUANE JOHNSON                        EMILY R. YODER
PRO SE                               HANNA, CAMPBELL & POWELL
825 Diagonal Road                    3737 Embassy Parkway, Suite 100
Akron, Ohio  44320                   Akron, Ohio  44333

*Wise, John, P. J.*

{¶1} Appellant appeals the October 26, 2017, judgment entry of the Stark County Court of Common Pleas granting Defendant's Motion to Dismiss Plaintiff's Complaint.

{¶2} Preliminarily, we note this case is before this court on the accelerated calendar which is governed by App.R. 11.1. Subsection (E), determination and judgment on appeal, provides in pertinent part: "The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form."

{¶3} One of the important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts, and legal issues are more complicated. Crawford v. Eastland Shopping Mall Assn., 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist. 1983).

{¶4} This appeal shall be considered in accordance with the aforementioned rule.

*Facts & Procedural History*

{¶5} On September 22, 2017, appellant Duane Johnson filed a Complaint against Debra Hershberge [sic], T. Clifford Deveny, M.D. and an "Unnamed (female resident and physician)". Appellant listed his claim as "trespass" and stated the nature of his claims as "harassment and character assassination while visiting [his] doctor's appointment." The complaint and designation form list the address of Summa Health System as 1077 Gorge Blvd, Akron, Ohio, 44310. The designation form lists Appellant's

address as 825 Diagonal Road in Akron, Ohio, as does Appellant's affidavit of indigency and his notice to claim ownership of case.

{¶6} On October 9, 2017, Defendant T. Clifford Deveny, M.D., filed a Motion to Dismiss Plaintiff's Complaint pursuant to Civ.R. 12(B)(1), (3) and (6). In his motion, Dr. Deveny argued that the Plaintiff's complaint should be dismissed because it failed to set forth any allegations against him or the other named defendants; it did not state a date on which the alleged claim occurred or that such claim(s) took place in Stark County. Dr. Deveny argued that the Complaint failed to put forth sufficient facts to allow him to respond.  Additionally, Dr. Deveny argued that venue was not proper in Stark County as Plaintiff failed to allege that the cause of action arose in Stark County, and none of the Defendants nor Plaintiff reside in Stark County.

{¶7} The trial court issued a judgment entry on October 26, 2017, granting Defendant Deveny's Motion to Dismiss without prejudice. In said Entry, the trial court found:

{¶8} Even construing the skeletal allegations of the Complaint in Plaintiff's favor and allowing for "notice pleading" under Civ.R. 8, the Court finds that the allegations of the Complaint are not sufficient to survive a motion to dismiss under Civil Rule 12(B). Accordingly, Plaintiff's Complaint is hereby DISMISSED without prejudice."

{¶9} Appellant appeals from the October 26, 2017 judgment entry of the Stark County Court of Common Pleas.

*Assignments of Error*

{¶10} Appellant's appellate brief does not comply with Appellate Rule 16. Appellant fails to provide the following:  a table of contents, a table of cases, a statement

of the assignments of error presented for review, a statement of the issues presented for review, a statement of the case, and a statement of facts.

{¶11} Compliance with the appellate rule is mandatory. Appellant's failure to comply with Appellate Rule 16 is tantamount to failing to file a brief in this matter. *Beem v. Thorp*, 5th Dist. Licking No. 16-CA-97, 2017-Ohio-2967. Such deficiencies permit this Court to dismiss Appellant's appeal. *Id.* Notwithstanding the omissions in his brief, in the interests of justice and finality, we review the appeal. *Id.*, *Erdman v. Williams*, 5th Dist. Tuscarawas No. 2012 AP 08 0054, 2013-Ohio-980.

{¶12} As Appellant has failed to set forth an assignment of error as required by App.R. 16(A)(3), we glean the following assignment from our review of the record.

<u>ASSIGNMENT OF ERROR</u>

{¶13} "I. THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION TO DISMISS."

**I.**

{¶14} Appellant argues the trial court erred in dismissing his Complaint. Appellee argues that the appeal should be dismissed for lack of a final appealable order.

{¶15} Initially, we must determine whether this Court has jurisdiction to review the order from which the parties appeal. Section 3(B)(2), Article IV of the Ohio Constitution limits this Court's appellate jurisdiction to the review of final judgments of lower courts. For a judgment to be final and appealable, it must satisfy the requirements of R.C. §2505.02 and, if applicable, Civ.R. 54(B). *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St.3d 86, 88, 541 N.E.2d 64.

**{¶16}** R.C. §2505.02 provides, in pertinent part:

(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment[.]

**{¶17}** A dismissal pursuant to Civ.R. 41(B), other than pursuant to Civ.R. 41(B)(4), and any dismissal not provided for in Civ.R. 41, "operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies." Civ.R. 41(B)(3). "A dismissal without prejudice is not a final determination of the rights of the parties and does not constitute a judgment or final order when refiling or amending of the complaint is possible." *Central Mut. Ins. Co. v. Bradford-White Co.* (1987), 35 Ohio App.3d 26, 28, 519 N.E.2d 422. *See, also, Davis v. Paige*, 5th Dist. Stark County 2007 CA 00248, 2007-Ohio-6415; *McIntosh v. Slick*, 5th Dist. Stark County, 2001 CA00268, 2001 CA 00273, 2002-Ohio-3599; *Chambers v. LTV Steel Co.* (Sept. 23, 1996), 5th Dist. No. 95-CA-0302,

**{¶18}** In this case, the trial court's entry specified that this dismissal was other than on the merits. The language of the entry contemplates that the case could be refiled in the future.

**{¶19}** Therefore, the order from which Appellant appeals is not a final determination as to the rights of the parties and is not a final appealable order pursuant to R.C. §2505.02.

{¶20} Accordingly, this Court does not have jurisdiction to entertain Appellant's appeal. Appellee's motion to dismiss is granted.

{¶21} Appellant's appeal and is hereby dismissed.


By: Wise, John, P. J.

Gwin, J., and

Wise, Earle, J., concur.


JWW/d 0122