[Cite as *Bunting v. Weaver*, 2019-Ohio-1628.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| PAUL EDWARD BUNTING | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellant | : | Hon. Earle E. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2018 AP 09 0031 |
| THOMAS A. WEAVER | : |  |
|  | : |  |
| Defendant-Appellee | : | OPINION |

CHARACTER OF PROCEEDING:     Civil appeal from the Tuscarawas County
Court of Common Pleas, Case No.
2017 CV 04 0270

JUDGMENT:     Dismissed

DATE OF JUDGMENT ENTRY:     April 29, 2019

APPEARANCES:

For Plaintiff-Appellant                For Defendant-Appellee

PAUL EDWARD BUNTING, PRO SE    CHRISTOPHER DE LA CRUZ
921 North Main Street                    720 N. Wooster Avenue
Mansfield, OH 44903                     Dover, OH 44622

*Gwin, P.J.*

**{¶1}** Appellant appeals the August 13, 2018 judgment entry of the Tuscarawas County Court of Common Pleas denying his motion to vacate pursuant to Civil Rule 60(B).

*Facts & Procedural History*

**{¶2}** On August 4, 2000, appellant Paul Bunting pled no contest to one count of rape, in violation of R.C. 2907.02, and six counts of sexual battery, in violation of R.C. 2907.03. Appellant was sentenced to a total aggregate term of eighteen (18) years in prison. Prior to his incarceration, appellant entered into an agreement with appellee Thomas Weaver to store a "1977 Chevrolet half-ton custom 4-by-4 black-on-black panel van" and a "1977 Honda CB350cc full-custom chopper motorcycle" on appellee's farm until appellant's release from prison. The agreement was actually between appellant's mother and appellee.

**{¶3}** After appellant's mother died, appellee sought the removal of the van from his property with the assistance of Chief Deputy Orvis Campbell of the Tuscarawas County Sheriff's Department. The motorcycle had been destroyed in a fire a number of years earlier. On May 13, 2013, Chief Deputy Campbell forwarded a letter to appellant requesting the removal of the van by Monday, June 24, 2013, or the vehicle would be towed. Because appellant did not make arrangements to have the vehicle moved, the van was towed as abandoned and was disposed of in accordance with the abandoned and junk motor vehicle laws of Ohio.

**{¶4}** On April 18, 2017, appellant filed a pro se complaint for conversion and breach of agreement in the Tuscarawas County Court of Common Pleas. Over the years, appellant has attempted to have appellee prosecuted for the theft of the vehicles, and has

filed at least one other complaint against appellee for conversion and breach of contract in the Belmont County Court of Common Pleas. In a correspondence dated May 31, 2017, to the Tuscarawas County Clerk of Court, Barbara Weaver Scott ("Scott"), appellee's power of attorney, explained appellee is her 88 year old uncle and is currently a resident in a nursing home. Scott indicated a similar complaint filed by appellant in Belmont County had been dismissed.

{¶5}   On August 7, 2017, appellant filed a motion requesting the trial court strike Scott's May 31, 2017 communication. Scott sent a letter dated August 16, 2017, directly to the trial court. Therein, she reiterated the information set forth in her May 31, 2017 correspondence to the Clerk of Court and noted appellee was in hospice care. In a judgment entry on August 22, 2017, the trial court granted appellant's motion to strike the May 31, 2017 communication.

{¶6}   Appellant filed a motion for default judgment on August 24, 2017. On September 5, 2017, the trial court granted default judgment in favor of appellant on the issue of liability only, and scheduled the matter for evidentiary hearing on the issue of damages.

{¶7}   Appellee filed a reply to appellant's motion for default judgment and motion for leave to plead on September 7, 2017. On September 11, 2017, the trial court granted appellee's request for an enlargement of time within which to answer, move, or otherwise plead to the complaint. Appellee filed an answer on September 26, 2017 denying the allegations in the complaint and setting forth affirmative defenses.

{¶8}   Appellant filed a Civil Rule 60(B) motion for relief from judgment to vacate the trial court's September 11, 2017 judgment entry. On October 13, 2017, appellee filed

a motion for relief from judgment pursuant to Civil Rules 55(B) and 60(B). Appellant filed a number of briefs in opposition to appellee's motion, including a motion to strike and a motion for leave to reply to appellee's answer. The trial court established a briefing schedule. Appellee filed replies to appellant's motions.

**{¶9}** On November, 22, 2017, the trial court granted appellee's motion for relief from judgment and vacated the September 5, 2017 judgment entry granting default in favor of appellant. The trial court reinstated the previously scheduled status/review hearing for July 11, 2018 and trial for September 11, 2018.

**{¶10}** Appellant appealed the trial court's November 22, 2017 judgment entry. Appellant argued the trial court abused its discretion in granting appellee's Civil Rule 60(B) motion for relief from the September 5, 2017 default judgment entered by the court. In *Bunting v. Weaver*, 5th Dist. Tuscarawas No. 2017 AP 12 0035, 2018-Ohio-1465, we dismissed the appeal, finding that because the trial court granted default judgment only on the issue of liability, the judgment entry granting appellee's motion for relief from that interlocutory order was not a final appealable order.

**{¶11}** On May 31, 2018, appellant filed a motion with the trial court, requesting the trial court defer the status review hearing set for June 11, 2018, for one hundred and eighty (180) days. Appellee filed a response on June 8, 2018, opposing appellant's request to continue for one hundred and eighty days.

**{¶12}** On June 12, 2018, the trial court issued a judgment entry. The trial court noted appellant did not appear for a status/review hearing on June 11, 2018. The trial court scheduled a status/review hearing for July 16, 2018 to allow appellant to either physically appear in the courtroom or to communicate by telephone. The judgment entry

provides that if appellant fails to appear physically at the July 16, 2018 status hearing or provide telephone communication, the complaint will be dismissed without prejudice to refiling for failure to prosecute under Civil Rule 41(B)(1).

{¶13} On June 29, 2018, appellant filed a pleading stating he could not appear in person at the hearing due to ODRC restrictions, but provided a phone number at which he could receive a call to participate in the status/review hearing on July 16, 2018.

{¶14} At the hearing on July 16, 2018, the trial court noted the plan was for appellant to appear via telephone because his residential placement did not allow him to travel to the hearing. The trial court stated he was going to call appellant, and also acknowledged it was 35 minutes past the time the trial court indicated it would call because of another case not resolving on time. The trial court left a message at the number provided by appellant. Subsequently, counsel for appellee stated he wanted to depose appellant and doing pre-trial discovery would be virtually impossible under the circumstances, due to appellant's unavailability. Counsel for appellee requested the trial court continue the trial, or, in the alternative, dismiss the complaint without prejudice to refiling when appellant could physically appear. The trial court declined to hear a summary of appellee's physical condition and stated he would entertain the matter when the complaint was refiled.

{¶15} On July 23, 2018, the trial court issued a judgment entry. The judgment entry states that appellee was represented in the courtroom on July 16, 2018 by counsel and appellant did not appear in the courtroom. Further, that when the court telephoned appellant, who was granted permission to appear by telephone, no response was available from either appellant or another person at the telephone number in question.

The trial court found, "notwithstanding the fact that the telephone communication to [appellant] was thirty-five (35) minutes subsequent to the scheduled 11:15 a.m. time, [appellant] appears not to be available to prosecute the complaint in this case, either pro se or through legal counsel, and the scheduled jury trial of 9/11/2018 at 9:15 a.m. should be canceled, the complaint in this case dismissed without prejudice to refiling under Civ.R. 41(B)(1) for failure to prosecute * * *." The trial court thus dismissed appellant's complaint, without prejudice to refiling, under Civil Rule 41(B)(1). The trial court also waived all court costs.

{¶16} On July 25, 2018, appellant filed a "motion for a Civil Rule 60(1) and (5) for excusable neglect to reinstate the case." On August 13, 2018, the trial court overruled appellant's Civil Rule 60(B)(1) and (B)(5) motion. In the judgment entry, the trial court specifically stated, "when Plaintiff is free of the Ohio Department of Rehabilitation and Correction, he should refile his complaint in this case, if he so desires, and as the law provides, and the matter can go forward to resolution with the Plaintiff available to prosecute the complaint."

{¶17} Appellant appeals the August 13, 2018 judgment entry of the Tuscarawas County Court of Common Pleas denying his motion to vacate pursuant to Civil Rule 60(B), and assigns the following as error:

{¶18} "I. THE TRIAL COURT ABUSED ITS DISCRETION BY OVERRULING APPELLANT'S CIVIL RULE 60(B)(1&5) MOTION WITHOUT FIRST AFFORDING APPELLANT AN OPPORTUNITY TO PRESENT EVIDENCE IN SUPPORT OF THE CIVIL RULE 60(B) MOTION FOR RELIEF FROM THE AUGUST 23, 2018 JUDGMENT ENTRY DISMISSING THE COMPLAINT.

{¶19} "II. THE TRIAL COURT ABUSED ITS DISCRETION BY PREJUDICIALLY ERRING TO APPELLANT WHEN IT INJUDICIOUSLY CONDUCTED THE JULY 16, 2018 AT 11:15 A.M. STATUS REVIEW HEARING IRRELEVANT TO THE ORIGINAL CAUSE INTENDED FOR PECUNIARY DAMAGES PRIOR TO THE COURT'S VACATUR OF APPELLANT'S DEFAULT JUDGMENT THEN RECONVENED FOR ANOTHER STATUS REVIEW TO CONTINUE ON THE EVIDENTIARY FACTS OF DISCOVERY INITIALLY SCHEDULED ON JUNE 11, 2018, AT 11:00 A.M. AND ERRONEOUSLY MERGED FORWARD IN AN EX PARTE COMMUNICATION WITH OPPOSING COUNSEL IN VIOLATION OF THE JUDGE'S DISCRETION AND DUE PROCESS."

## I. & II.

{¶20} The first and second assignments of error are interrelated and shall be considered together. In his first assignment of error, appellant argues the trial court abused its discretion in failing to grant appellant relief from the trial court's judgment entry dismissing his complaint without prejudice for failure to prosecute pursuant to Civil Rule 41(B)(1). In his second assignment of error, appellant essentially contends the trial court erred in dismissing his complaint pursuant to Civil Rule 41(B)(1) after belatedly calling him during the status/review hearing.

{¶21} In this case, we must determine whether the order under review is a final appealable order. If an order is not final and appealable, then we have no jurisdiction to review the matter and must dismiss it. See *Gen. Acc. Ins. Co. v. Ins. Co. of N. America*, 44 Ohio St.3d 17, 540 N.E.2d 266 (1989). In the event that the parties to the appeal do not raise this jurisdictional issue, we may raise it sua sponte. See *Chef Italiano Corp. v.*

*Kent State University*, 44 Ohio St.3d 86, 541 N.E.2d 64 (1989); *Whitaker-Merrell Co. v. Geupel Constr. Co.*, 29 Ohio St.2d 184, 280 N.E.2d 922 (1972).

**{¶22}** Ohio law provides that appellate courts have jurisdiction to review only final orders or judgments. See, generally, Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02. If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and it must be dismissed. To be final and appealable, an order must comply with R.C. 2505.02 and Civ.R. 54(B), if applicable.

**{¶23}** R.C. 2505.02(B) defines final orders as follows:

(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

(3) An order that vacates or sets aside a judgment or grants a new trial;

(4) An order that grants or denies a provisional remedy and to which both of the following apply:

> (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
>
> (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

**{¶24}** Generally, where a cause is dismissed without prejudice and otherwise than on the merits pursuant to Civil Rule 41(B)(1), the parties are left in the same position as if the plaintiff had never brought the action. *Central Mut. Ins. Co. v. Bradford-White*, 35 Ohio App.3d 26, 519 N.E.2d 422 (6th Dist. 1987). Therefore, a dismissal without prejudice is not a final determination of the rights of the parties and does not constitute a final order pursuant to R.C. 2505.02. *Id.*; see also *Lantsberry v. Tilley Lamp Co.*, 27 Ohio St.2d 303, 272 N.E.2d 127 (1971); *Schindler v. Standard Oil Co.*, 165 Ohio St. 76, 133 N.E.2d 127 (1956).

**{¶25}** This Court has previously held that a dismissal without prejudice pursuant to Civil Rule 41(B)(1) for failure to prosecute is not a final appealable order. *Kopina v. Kopina*, 5th Dist. Knox No. 13CA30, 2014-Ohio-287; *Showe Mgmt. Corp. v. Adams*, 5th Dist. Licking No. 11 CA 124, 2012-Ohio-3214; *Davis v. Paige*, 5th Dist. Stark No. 2007-CV-00248, 2008-Ohio-6415.

**{¶26}** In this case, the trial court clearly stated the action was dismissed without prejudice in its judgment entry and specifically informed appellant that when he was free of the Ohio Department of Rehabilitation and Correction, he should refile his complaint if he so desires. Therefore, since appellant has the ability to refile his claims within the time allowed by the applicable law, the trial court's dismissal without prejudice is not a final appealable order. R.C. 2305.19. Further, because the trial court's dismissal judgment entry is a non-final order, the order declining to grant Civil Rule 60(B) relief cannot be a final order. *Davis v. Paige*, 5th Dist. Stark No. 2007-CV-00248, 2008-Ohio-6415.

{¶27}  Based on the foregoing analysis, this Court lacks jurisdiction to consider this appeal.

{¶28}  The appeal in this matter is hereby dismissed.


By Gwin, P.J.,

Delaney, J., and

Wise, Earle E., J., concur