[Cite as *Persolve Recoveries, L.L.C. v. Agin*, 2021-Ohio-1757.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| PERSOLVE RECOVERIES, LLC | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellant | : | Hon. John W. Wise, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| RONALD AGIN | : | Case No. 2020 CA 00071 |
| | : | |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:         Appeal from the Municipal Court,
                                 Case No. 20 CVF 641


JUDGMENT:                        Dismissed


DATE OF JUDGMENT:                May 21, 2021


APPEARANCES:

For Plaintiff-Appellant                For Defendant-Appellee

SEAN M. WINTERS                        RONALD AGIN
4645 Executive Drive                   15 South 26th Street
Columbus, OH  43220                    Apt. B
                                       Newark, OH  43055

*Wise, Earle, J.*

{¶ 1}   Plaintiff-Appellant Persolve Recoveries, LLC appeals the October 6, 2020 judgment of the Licking County Municipal Court dismissing its complaint without prejudice. Defendant-Appellee is Ronald Agin. Agin has not filed a brief in this matter.

FACTS AND PROCEURAL HISTORY

{¶ 2}   On March 11, 2020, as a result of Agin's default on an auto loan, Appellant filed a complaint against Agin seeking to recover $8,957.82 plus interest and costs expended. Appellant attached to its complaint: 1) the contract Agin signed with Drivetime Carsales Company, LLC to purchase the vehicle; 2) a notice to Agin from Bridgecrest (to whom Agin's contract was assigned) following repossession of the vehicle and stating its intent to sell the same at auction; 3) a notice from Bridgecrest to Agin indicating the vehicle was sold at auction for less than Agin owed and advising him of the balance due and; 4) a "Bill of Sale and Assignment of Accounts" conveying Agin's account to Appellant Persolve Recoveries, LLC.

{¶ 3}   On September 9, 2020, after Agin failed to file any responsive pleading, Appellant moved for summary judgment. On September 11, 2020, the trial court denied the motion. In a hand written notation on its denial, the trial court noted Appellant's complaint contained no chain of title, no account number, and that the amount sought by Appellant was not supported by its affidavit. The same day the trial court ordered appellant to provide a more definite statement within 30 days. Specifically, the court ordered Appellant to provide the debtor's name, a beginning balance, a list of dated items representing charges, debits, and credits, and a summarization showing a running or

developing balance or which allows calculation of the amount said to be due. In the alternative, Appellant was ordered to state a reason for the omission of the same in its pleadings.

{¶ 4} On October 5, 2020, Appellant filed the same documents it had filed with its complaint, with the addition of a two-page untitled document showing a list of payments and credits. This document includes an account number, but no indication as to who the account belongs to. Account numbers are redacted from all other documents filed with the trial court.

{¶ 5} On October 6, 2020, the trial court issued a judgment entry indicating Appellant had failed to provide a more definite statement of the account as ordered. Specifically, the court found Appellant had sailed to establish a clear chain of title to the subject account. The trial court therefore dismissed the matter without prejudice.

{¶ 6} Appellant filed an appeal raising one assignment of error for our consideration:

I

{¶ 7} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DISMISSED PERSOLVE'S COMPLAINT FOR ITS ALLEGED FAILURE TO PROVIDE A MORE DEFINITE STATEMENT."

{¶ 8} Before we may address Appellant's assignment of error, we must address our jurisdiction to do so. Section 3(B)(2), Article IV of the Ohio Constitution limits this court's appellate jurisdiction to the review of final judgments of lower courts. For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and,

if applicable, Civ.R. 54(B). *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 88, 541 N.E.2d 64 (1989).

{¶ 9}   R.C. 2505.02 defines final orders as follows:

(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

(3) An order that vacates or sets aside a judgment or grants a new trial;

(4) An order that grants or denies a provisional remedy and to which both of the following apply:

(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶ 10} Appellant argues this court should consider its assignment of error because the issue involved is capable of repetition yet evading review. The issue Appellant refers to is the trial court's sua sponte order for a more definite statement. According to Appellant, because the trial court is not a "party" it may not properly require Appellant to provide a more definite statement on its own motion. Additionally, Appellant argues because two like cases filed by Appellant against different defendants were dismissed for the same reason, the issue is capable of repetition and therefore an exception to the above rules requiring a final appealable order. We disagree.

{¶ 11} Civ.R. 41(B)(1) provides "[w]here the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim." The trial court dismissed Appellant's case without prejudice for failing to comply with an order of the court and Appellant does not dispute this fact. Generally, where a cause is dismissed without prejudice and otherwise than on the merits pursuant to Civ.R. 41(B)(1), the parties are left in the same position as if the plaintiff had never brought the action. *Central Mut. Ins. Co., v. Bradford-White*, 35 Ohio App.3d 26, 519 N.E.2d 422 (1987).

{¶ 12} A dismissal without prejudice, therefore, is not a final determination of the rights of the parties and does not constitute a final order pursuant to R.C. 2505.02. *Id.* See also, *McIntosh v. Slick*, 5th Dist. Stark App. Nos.2001 CA00268 and 2001 CA00273, 2002-Ohio-3599.

{¶ 13} Because Appellant has the ability to properly refile its claims, the trial court's dismissal without prejudice is not a final appealable order.

{¶ 14} Based on the foregoing, this court lacks jurisdiction to consider Appellant's appeal.

{¶ 15} The appeal in this matter is hereby dismissed.

By Wise, Earle, J.

Hoffman, P.J. and

Wise, John, J. concur.

EEW/rw